Rafael L. BALAGUER–SANTIAGO,
Plaintiff, Appellee,

v.

Hon. Jaime TORRES–GAZTAMBIDE,
etc., et al., Defendants, Appellants.

No. 90–1513.

United States Court of Appeals,
First Circuit.

Heard Nov. 7, 1990.

Decided May 14, 1991.

Carlos del Valle with whom Olivette Sagebien, Ramirez & Ramirez, Hector Rivera Cruz, Secretary of Justice, and Jorge Perez Diaz, Sol. Gen., were on brief for defendants, appellants.

Frank Rodriguez–Garcia with whom Francisco J. Rodriguez Juarbe, was on brief for plaintiff, appellee.

Before CAMPBELL, TORRUELLA and CYR, Circuit Judges.

CYR, Circuit Judge.

After Rafael Balaguer–Santiago was demoted from his supervisory position with the Puerto Rico Rural Housing Administration ("RHA") within weeks of the 1984 gubernatorial election, he commenced a civil rights action under 42 U.S.C. § 1983, claiming that the adverse personnel action was politically motivated and violated the first and fourteenth amendments. *See Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). The defendants, upper-level RHA officials, filed a motion for partial summary judgment on the ground of qualified immunity, *see Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), which the district court denied. We reverse and remand for further proceedings.

I

DISCUSSION

We restrict our interlocutory review to whether defendants are entitled to summary judgment on their qualified immunity claim. *Mitchell v. Forsyth*, 472 U.S. 511, 524–30, 105 S.Ct. 2806, 2814–17, 86 L.Ed.2d 411 (1985); *Roque–Rodriguez v. Lema Moya*, 926 F.2d 103, 105–06 (1st Cir.1991). The doctrine of qualified immunity shields certain public officials from personal liability for damages awarded in actions under 42 U.S.C. § 1983, except where the challenged official conduct violated a "clearly established" right. *Anderson v. Creighton*, 483 U.S. 635, 638–40, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987); *Harlow*,

457 U.S. at 818, 102 S.Ct. at 2738. These defendant officials claim that when plaintiff was demoted in January 1985, there was no "clearly established" right to be free from politically-motivated personnel actions short of dismissal. The district court disagreed, however, holding that by January 1985 "the law was *clearly* established that *demotion* in limited circumstances constituted a cause of action under section 1983."

■ Thereafter, we had occasion to address this precise issue, in *Nunez–Soto v. Alvarado,* 918 F.2d 1029 (1st Cir.1990), where we held that, "as of 1985, the law did not *clearly* state that a politically motivated *demotion* violated the federal Constitution." *Id.* at 1030. Nevertheless, as we recognized in *Nunez,* under preexisting precedent a public official responsible for a politically-motivated "constructive discharge" in 1985 *might not* be entitled to qualified immunity. *Id.* at 1030–31. As the order appealed from cannot stand in light of *Nunez,* we reverse and remand to permit the district court to consider whether defendants are entitled to qualified immunity from an award of damages on the alternative claim for relief from the alleged "constructive discharge."

While before the district court, plaintiff generally described the adverse personnel action as a "demotion." Yet he relied on numerous citations to case law involving "constructive discharge," most notably *Alicea–Rosado v. Garcia,* 562 F.2d 114 (1st Cir.1977), cited to in *Nunez,* 918 F.2d at 1030–31. Since the present action essays constitutional claims, we are reluctant to disregard even so skeletal a claim for relief.[1]

## II

## CONCLUSION

We conclude, therefore, that a "constructive discharge" claim was raised below. Accordingly, we reverse the district court order denying summary judgment on the

wrongful demotion claim, and remand for a determination of defendants' motion for summary judgment on the ground of qualified immunity with respect to the constructive discharge claim. On remand, the district court may permit such supplementation of the record as it deems appropriate.

*Reversed* and *remanded.*

---

**1.** We imply no criticism whatever of the district court's failure to rule on the concededly skeletal "constructive discharge" claim, as the alternative ground for the district court order, only later negated by *Nunez,* made any such ruling unnecessary.