Maria Luisa **CASTRO–APONTE,**
**Plaintiff, Appellee,**

v.

Maria **LIGIA–RUBERO, etc., et al., Defendants, Appellants.**

**No. 91–1466.**

United States Court of Appeals,
First Circuit.

Heard Nov. 5, 1991.

Decided Jan. 21, 1992.

Carlos Lugo Fiol, Asst. Sol. Gen., Jorge E. Perez–Diaz, Sol. Gen., and Anabelle Rodriguez, Deputy Sol. Gen., were on brief for defendants, appellants.

Francisco R. Gonzalez with whom Hernandez Sanchez Law Firm was on brief for plaintiff, appellee.

Before CAMPBELL, Circuit Judge, BOWNES, Senior Circuit Judge, and SKINNER,* District Judge.

SKINNER, District Judge.

The defendants in this action under 42 U.S.C. § 1983 appeal from the denial of their motion to alter or amend the district court's order denying summary judgment. At issue is the defendants' qualified immunity.

The plaintiff was appointed director of the Rexville High School, Bayamon District III, in 1982 and became tenured in that position in 1984. She alleges that in 1986 the defendants first undermined her position by appointing a co-director of the school, then transferred her out of her tenured position into an administrative position in the Regional Offices of the Bayamon Educational Area, without reduction in salary. She charges that this "administrative maneuver" was the result of her support of the New Progressive Party, which is at odds with the political party espoused by the defendants, the Popular Democratic Party.

Defendants denied that the transfer was made for political purposes, and among other defenses asserted that they were entitled to qualified immunity. In due course they filed a motion for summary judgment on the merits, stating their qualified immunity as one of their grounds. The plaintiff opposed the motion, alleging the existence of a genuine dispute of material facts. The district judge denied the motion in its entirety, commenting that the case was "fraught with material facts in controversy and credibility assessments to be made by a jury."

The defendants then moved to alter or amend judgment under Fed.R.Civ.P. 59(e), calling specific attention to the issue of qualified immunity and asserting their entitlement to summary judgment on that issue before trial. This motion was denied by the district judge, and this interlocutory appeal followed.

 Government officials generally are shielded from liability for civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *See Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). In *Nunez–Soto v. Alvarado*, 918 F.2d 1029 (1st Cir.1990), we recognized that the Supreme Court had only recently defined the extent of an employee's constitutional protections against politically motivated patronage demotions or transfers short of dismissal, *see Rutan v. Republican Party of Illinois*, —— U.S. ——, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990) (explicitly extending protections to promotion, demotion, transfer, recall, and hiring decisions). We held that the law prior to that case (and prior to our decision in *Agosto–de–Feliciano v. Aponte–Roque*, 889 F.2d 1209 (1st Cir.1989)) was not so well settled that reasonable people should have been aware that such constitutional protections existed. Applying the *Harlow* standard, we held that the officials were shielded from personal liability. *Nunez–Soto*, 918 F.2d at 1030. Similarly, we rule that as of the time suit was filed in this case, the law was unclear as to the extent of constitutional protections against politically motivated personnel actions which do not rise to the level of discharge; without more, the government officials are shielded from personal liability by the qualified immunity doctrine.

In *Nunez–Soto, supra*, we noted that the law had long been settled that where demotions or transfers were so onerous that they amounted to constructive dismissal, a constitutional violation had occurred. *Id.* at 1030; *see also Alicea Rosado v. Garcia Santiago*, 562 F.2d 114, 118–19 (1st Cir. 1977). It is the plaintiff's burden to offer such evidence · if she is to overcome the general rule of qualified immunity. While the district judge was perfectly correct in describing this case on the merits as "fraught with material facts in controversy and credibility assessments to be made by a jury," no material facts were alleged by the plaintiff which bear on the issue of qualified immunity.

* Of the District of Massachusetts, sitting by designation.

The plaintiff having failed to assert facts which if proved would constitute constructive discharge, this case is governed by our decision in *Nunez–Soto, supra.* Accordingly, the order of the district court must be reversed and remanded, with instructions to grant partial summary judgment to the defendants on the issue of qualified immunity and to proceed to trial on the merits of equitable relief.

REVERSED AND REMANDED, with instructions to grant partial summary judgment to the defendants on the issue of qualified immunity, and to proceed to trial on the merits of equitable relief.