USCA1 Opinion

 

 October 7, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 91-2225 MANUEL C. PEDRO-COS, Plaintiff, Appellee, v. BLAS CONTRERAS, ET AL., Defendants, Appellants. ____________________ ERRATA SHEET The opinion of this Court issued on September 30, 1992, is amended as follows: On the cover sheet on the first line of the caption, change "Pedros" to "Pedro". Page 3, line 5, change "remains" to "remain". Page 4, footnote #2, change "is" to "are". Page 4, line 4, change "affilation" to "affiliation". Page 4, line 15, add a comma after "(en banc)". Page 6, line 2, add a ")" immediately following "(1st Cir. 1956)". PageSeptember 30, 1992 ___________________ No. 91-2225 MANUEL C. PEDROS-COS, Plaintiff, Appellee, v. BLAS CONTRERAS, ET AL., Defendants, Appellants. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ___________________ Anabelle Rodriguez, Solicitor General, Reina Colon De ___________________ _________________ Rodriguez, Deputy Solicitor General, and Carlos Lugo Fiol, _________ __________________ Assistant Solicitor General, Department of Justice, on brief for appellants. __________________ __________________ Per Curiam. Plaintiff, Manuel C. Pedro Cos, filed suit, __________ in 1986, pursuant to, inter alia, 42 U.S.C. 1983, claiming that he was transferred because of his political affiliation in violation of his constitutional rights. Defendants/appellants, officials of the General Services Administration (GSA) of the Commonwealth of Puerto Rico, where Pedro Cos is employed, appeal the denial of summary judgment on their claim of qualified immunity.1 Mitchell v. ________ Forsyth, 472 U.S. 511, 530 (1985) (denial of qualified _______ immunity is immediately appealable). We vacate and remand with directions to grant summary judgment to the defendants on the issue of qualified immunity from damages liability. The relevant facts are these: 1) Pedro Cos is a member of the New Progressive Party (NPP), whose candidate lost the governorship of Puerto Rico in the 1984 election. 2) The defendants are members of the Popular Democratic Party (PDP), whose candidate won the governorship of Puerto Rico in the 1984 election. 3) Pedro Cos is a career employee of GSA for more than 20 years. His classification (since 1980) is Accountant VI. From 1984 until August 1, 1986, he was Chief of Industrial Accounting. According to Pedro Cos, he prepared the monthly ____________________ 1. Plaintiff failed to file any appellee brief. -2- financial statements, paid all suppliers, and supervised 25 employees. 4) On August 1, 1986, Pedro Cos was transferred to a new position - Special Assistant to the Finance Director. His classification and salary remain as Accountant VI. 5) According to Pedro Cos, he now supervises no one. He no longer has a secretary. Almost all of his functions were taken away. He now is responsible for menial clerical tasks. He reconciles the paymaster's cash with the monthly bank statements. He says this takes one hour a month. He is also responsible for a Social Security report which, he says, takes one hour every three months. 6) Pedro Cos has a bachelor's degree in business administration and a master's degree in accounting. He also has taken four seminars in the field of accounting. Pedro Cos says that his present functions are not commensurate with his academic preparation and his work experience. He says that he does not perform any of the duties contained in the job description of Accountant VI. 7) Pedro Cos alleges that he was replaced in his prior position with a PDP member with less academic preparation and work experience and a classification of Accountant IV. 8) Pedro Cos contends that defendants were aware of his political affiliation. He claims that these actions occurred because of his political affiliation and that -3- defendants are constantly harrassing and humiliating him,2 all with the intent to force him to resign. Appellants deny that Pedro Cos' transfer occurred because of his political affiliation, but rather pursuant to legitimate needs of GSA and in the course of a bona fide reorganization, encompassing the transfer of other employees as well. They also claim that, in any event, they are shielded from liability for civil damages because, at the time of their actions (August 1986), the constitutional protection against a politically motivated demotion or transfer short of dismissal was not clearly established. Appellants are correct in their assessment of the status of the law as of 1986. We have repeatedly stated that, prior to our decision in Agosto-De-Feliciano v. Aponte-Roque, 889 ___________________ ____________ F.2d 1209 (1st Cir. 1989) (en banc), and the Court's decision in Rutan v. Republican Party of Illinois, 110 S. Ct. (1990), _____ ____________________________ the law was not so well settled that reasonable people should have been aware that such constitutional protection existed. Valiente v. Rivera, 966 F.2d 21, 23 (1st Cir. 1992); Aviles- ________ ______ _______ Martinez v. Monroig, 963 F.2d 2, 6 (1st Cir. 1992); Castro- ________ _______ _______ Aponte v. Ligia-Rubero, 953 F.2d 1429, 1430 (1st Cir. 1992); ______ ____________ Balaguer-Santiago v. Torres-Gaztambide, 932 F.2d 1015, 1016 _________________ _________________ (1st Cir. 1991); Roque-Rodriguez v. Lema Moya, 926 F.2d 103, _______________ _________ ____________________ 2. This alleged constant harassment and humiliation are not further described. -4- 108 (1st Cir. 1991); Nunez-Soto v. Alvarado, 918 F.2d 1029, __________ ________ 1030 (1st Cir. 1990). The district court declined to grant summary judgment on the ground of qualified immunity, however. It concluded that the contention that Pedro Cos' present position was almost entirely devoid of duties and responsibilities coupled with his allegation that the defendants' purpose was to secure his resignation raised a material question of fact regarding his actual duties and whether his transfer constituted a constructive discharge. The court pointed out that we had recognized the constitutional dimension of a claim of constructive discharge in Alicea Rosado v. Garcia Santiago, ______________ ________________ 562 F.2d 114 (1st Cir. 1977), long before the defendants' actions in this case, thus precluding them from claiming qualified immunity. We respectfully disagree with the district court. Even assuming that Pedro Cos' description of his present job is accurate, we conclude that his claim of a constructive discharge fails as a matter of law. As explained in Alicea ______ Rosado, ______ [a] "constructive discharge" has been defined as "an onerous transfer, having the purpose and effect of forcing the __________ transferred employee to quit the employment." -5- Id. at 119 (quoting Newspaper Guild of Boston v. Boston ___ ___________________________ ______ Herald-Traveler Corp., 238 F.2d 471, 472 (1st Cir. 1956)) ______________________ (emphasis added). [T]he "burden imposed upon the employee must cause, and be intended to cause, a __________ _ change in his working conditions so _________________________________________ difficult or unpleasant as to force him _________________________________________ to resign." _________ Id. (quoting Crystal Princeton Refining Co., 222 N.L.R.B. ___ ________________________________ 1068, 1069 (1976)) (emphasis added). Pedro Cos is still employed and drawing his full salary from GSA. He has, in fact, not resigned or left his employment. No discharge, constructive or otherwise, has occurred. As we stated in Alicea Rosado, _____________ [b]efore a "constructive discharge" may be found, entitling the employee to quit working altogether rather than accepting a transfer which he thinks is violative of his constitutional rights, the trier of fact must be satisfied that the new working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign. Id. A claim of constructive discharge due to a demotion or ___ transfer cannot succeed when a claimant, in fact, has not left employment. Cf. Smith v. Bath Iron Works Corp., 943 ___ _____ ______________________ F.2d 164, 167 (1st Cir. 1991) (because claimant did not resign until 6 months after last episode of discrimination, she cannot prevail under a constructive discharge theory). Indeed, we point out that in the case of Newspaper Guild v. _______________ Boston Herald-Traveler Corp., 238 F.2d at 472, which was the ____________________________ -6- source of our much quoted definition of constructive discharge, the claim of constructive discharge was rejected precisely because the employee had not left his employment, but continued to work and draw his full salary on the less desirable 1:00 a.m. shift to which he had been transferred. The order of the district court denying the defendants' motion for summary judgment on their claim of qualified immunity from damages liability is vacated and we remand for entry of summary judgment in defendants' favor on this issue. Vacated and remanded. _____________________ 6, line 10, add a ")" immediately following "(1976)". -7-