Samuel **LOPEZ–QUINONES,** et al., Plaintiffs,

v.

**PUERTO RICO NATIONAL GUARD,** et al., Defendants.

**Civil No. 04–2187 (DRD).**

United States District Court, D. Puerto Rico.

July 5, 2011.

---

Efrain Maceira–Ortiz, Urb. Perez Morris, San Juan, PR, for Plaintiffs.

Jorge Martinez–Luciano, Pedro Ortiz Alvarez Law Offices, Ponce, PR, Minnella Rivera–Mulero, Department of Justice General Litigation Office, San Juan, PR, for Defendants.

## ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

Plaintiff Samuel Lopez, a New Progressive Party supporter, asserts that he was persecuted and discriminated against by his Popular Democratic Party ("PPD") favoring supervisors following the PPD's success in the 2000 election.[1] In September of 2008, Plaintiff received a favorable jury verdict for being wrongful terminated from his position as General Services Director of the Puerto Rico National Guard. On September 29, 2009, based on this jury verdict, the Court ordered Defendant to reinstate Plaintiff in the position he held before being terminated, or, in the alternative, a similar or equal position (Docket No. 274).

On June 24, 2011, Plaintiff was informed that his current position with the Puerto Rico National Guard ("National Guard") would be transferred to the Office of the Inspector General. On June 27, 2011, Plaintiff requested that the Court order that he be reinstated to his former position of General Services Director (Docket No. 382). While not stated explicitly, presumably Plaintiff also prays for the Court to enjoin the National Guard from transferring his job to the Office of the Inspector General.

 Plaintiff is essentially arguing that his transfer constitutes a constructive

---

1. The PPD candidate won the Puerto Rico governorship in this election.

discharge. A constructive discharge has been defined as "an onerous transfer, having the purpose and effect of forcing the transferred employee to quit the employment." *Alicea Rosado v. Garcia Santiago,* 562 F.2d 114, 119 (1st Cir.1977) (quoting *Newspaper Guild of Boston v. Boston Herald–Traveler Corp.,* 238 F.2d 471, 472 (1st Cir.1956)). To constitute a constructive discharge, the "burden imposed upon the employee must cause, and be intended to cause, a change in his working conditions so difficult or unpleasant as to force him to resign." *Id.* (quoting *Crystal Princeton Refining Co.,* 222 NLRB 1068, 1069 (1976)). Courts use an objective standard when assessing constructive discharge claims and, therefore, employees may not be unreasonably sensitive to a change in job responsibilities. *Calhoun v. Acme Cleveland Corp.,* 798 F.2d 559, 561 (1st Cir.1986); *Serrano–Cruz v. DFI Puerto Rico,* 109 F.3d 23, 26 (1st Cir.1997).

▉ Plaintiff simply does not claim or prove that the transfer at issue here is so onerous as to have the purpose and effect of forcing him to quit. Plaintiff only alleges that the transfer alters his job location but not his job duties or working conditions from his present position at the National Guard's offices. However, "a drastic increase in commuting time and unreimbursed costs might at some point become sufficiently onerous to justify an employee in quitting," the transfer to the Office of the Inspector General only changes Plaintiff's commute by a few minutes and a few miles as both job sites are located within the San Juan metro area.[2] *Alicea Rosado,* 562 F.2d at 120.

The instant case presents a purely lateral transfer; that is, a transfer that does not involve a demotion in form or substance.[3] Case law generally holds that such purely lateral transfers do not constitute a materially adverse employment action. *Marrero v. Goya of P.R., Inc.,* 304 F.3d 7, 23 (1st Cir.2002) (quoting *Ledergerber v. Stangler,* 122 F.3d 1142, 1144 (8th Cir.1997)); cf. *Serrano–Cruz v. DFI Puerto Rico,* 109 F.3d 23, 26 (1st Cir.1997) ("Common sense suggests that a job transfer without a reduction in salary and benefits may, under certain circumstances, be unacceptable to a reasonable person who is overqualified and humiliated by an extreme demotion, or underqualified and essentially 'set up to fail' in a new position."). The Court also notes that Plaintiff cannot succeed on a theory of constructive discharge when Plaintiff has not in fact left his employment. *Manuel C. Pedro–Cos v. Contreras,* 976 F.2d 83, 85 (1st Cir.1992) ("A claim of constructive discharge due to a demotion or transfer cannot succeed when a claimant, in fact, has not left employment.").

For the reasons set forth above, the Court **DENIES** Plaintiff's request for relief without prejudice (Docket No. 382). Should additional facts come to light supporting a constructive discharge claim, the

---

2. The Office of the Inspector General is currently being housed in the Office of Management and Budget of Puerto Rico building which is located in Old San Juan.

3. In finding that Plaintiff's transfer is purely lateral, the Court assumes that Plaintiff's position at the Office of the Inspector General will entail similar job duties, obligations, and responsibilities as well as possess similar prospects for advancement as his position at the National Guard. The Court additionally assumes that his position will remain a "career" position as the First Circuit has previously held that Plaintiff's prior position as General Services Director of the Puerto Rico National Guard was a career position. *Lopez–Quinones v. P.R. Nat'l Guard,* 526 F.3d 23, 27 (1st Cir.2008). Should these assumptions not bear fruit, the Court will reexamine if this transfer is merely disguising a constructive discharge.

Court invites Plaintiff to renew its motion at that time.

**IT IS SO ORDERED.**