921 F.2d 122
 KENSINGTON ROCK ISLAND LIMITED PARTNERSHIP, John D.
Rappaport, and Rappaport Companies, Inc.,
Plaintiffs-Appellees,
v.
AMERICAN EAGLE HISTORIC PARTNERS, American Eagle Historic
Properties, Inc., and Jack M. Lee, Defendants-Appellants.
 No. 89-1972.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 25, 1990.
Decided Dec. 27, 1990.
 
 Frederick P. Kopp, Peter H. Lousberg, Lousberg, Kopp & Bonnett, Rock Island, Ill., for plaintiffs-appellees.
 John K. Kallman, David N. Missner, Stanley J. Adelman, James H.M. Sprayregen, Rudnick & Wolfe, Chicago, Ill., William R. Kelly, Kelly & Brady, Peoria, Ill., for defendants-appellants.
 Before COFFEY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 ESCHBACH, Senior Circuit Judge.
 
 
 1
 In this diversity case arising under Illinois law, the defendants-appellants, together, "American Eagle", reneged on two contracts for the purchase and development of land. On summary judgment, the District Court found American Eagle liable for breach of the contracts and awarded damages totalling $560,385.85. American Eagle now contests various aspects of this damage award. Its appeal is a nonstarter, however, because it failed to present to the District Court the main arguments that it raises on appeal. We affirm.
 
 Background
 
 2
 Under a "Purchase Agreement" dated April 30, 1987, American Eagle agreed to buy certain land, personal property, and contract rights from the plaintiff-appellee Kensington Rock Island Limited Partnership ("Kensington") for a total price of $600,000. As part of this contract, American Eagle gave Kensington a promissory note in the principal amount of $50,000 as "earnest money", payable on the closing date. Also under this contract, American Eagle agreed to pay $165,000 to the plaintiff-appellee, Rappaport Companies, Inc. ("Rappaport"), apparently for its work in setting up the deal. By a separate "Development Agreement" of the same date, American Eagle hired Rappaport to oversee the commercial and residential development of the property. Rappaport's fee depended in part on the success of the project, but it was entitled to at least $168,125 under the Development Agreement in addition to its closing fee under the Purchase Agreement.
 
 
 3
 The closing date under the Purchase Agreement came, was extended, and passed with American Eagle unable to come up with the purchase price. This suit followed. On Kensington and Rappaport's motion, the District Court entered summary judgment in their favor, awarding damages of $227,260.85 to Kensington and $333,125.00 to Rappaport. On appeal, American Eagle disputes various portions of these damages. This Court has jurisdiction to review the District Court's final decision under 28 U.S.C. Sec. 1291. Because the District Court's award came on summary judgment, we review its conclusions de novo, except as noted. See La Preferida, Inc. v. Cerveceria Modelo, S.A., 914 F.2d 900, 905 (7th Cir.1990).
 
 The Award to Kensington
 
 4
 The District Court's award of damages to Kensington was as follows:
 
 
 5
 Consequential damages (real estate taxes, utilities, insurance, $ 90,274.47
 and interest expense that Kensington incurred after the closing
 date)
Principal amount of the promissory note that American Eagle gave 50,000.00
 to Kensington as "earnest money"
Interest and late fees on the promissory note 11,138.98
Attorneys' fees, as provided in the promissory note 40,847.40
Closing fee provided in the Purchase Agreement's allocation of the 35,000.00
 total $600,000 purchase price
 -----------
Total $227,260.85
 -----------
 -----------
 
 
 6
 American Eagle's waiver of its arguments starts with the first item of damages in the above table. American Eagle states in its main brief that it does not contest the "consequential damages that were awarded. Specifically, these include the award to Kensington of real estate taxes, insurance premiums, utilities costs, and interest." Brief of Defendants-Appellants, p. 13 n. 3.
 
 
 7
 The next three items of damage in the table arise from the promissory note that American Eagle gave as "earnest money"--$50,000.00 in principal, $11,138.98 in interest and late fees, and $40,847.40 in legal fees, all payable under the note. The Illinois rule is clear that Kensington is entitled to this earnest money. Upon "default by the buyer, ... [any] earnest money or down payment may be retained in full by the seller without reference to the amount of actual damages which may have resulted ... from the buyer's default." Bamberg v. Griffin, 76 Ill.App.3d 138, 31 Ill.Dec. 708, 713, 394 N.E.2d 910, 915 (1979), quoting Pruett v. La Salceda, Inc., 45 Ill.App.3d 243, 3 Ill.Dec. 917, 920, 359 N.E.2d 776, 779 (1977).
 
 
 8
 The only question here is the amount of the legal fees. We review the amount of the District Court's award of legal fees for abuse of discretion. See, e.g., Illinois Bell Telephone Co. v. Haines and Co., 905 F.2d 1081, 1089 (7th Cir.1990). The District Court's award of $40,847.40 is a hefty amount for collection of a $50,000 note. This fee makes sense, however, because American Eagle defended against the note by arguing fraudulent inducement and lack of consideration, thus putting the parties' entire relationship into dispute. See, e.g., Carefree Foliage, Inc. v. American Tours, Inc., 153 Ill.App.3d 190, 106 Ill.Dec. 248, 254, 505 N.E.2d 1039, 1045 (1987) (holding it error for the trial court to award a noteholder less than its full cost of litigating a suit in which the maker of the note challenged the validity of the underlying purchase agreement). We find no abuse of discretion in the District Court's award.
 
 
 9
 The last item of damage is the "closing fee". The Purchase Agreement authorizes Kensington to allocate $35,000 of the total purchase price to this fee. American Eagle contends that this contractual allocation was only for tax purposes, and so is not "conclusive proof" of damage. Brief of Defendants-Appellants, p. 15. American Eagle is correct that the contractual allocation would not be conclusive for summary judgment purposes if opposed by evidence that would allow the trier of fact to decide in American Eagle's favor on the point. See La Preferida, Inc. v. Cerveceria Modelo, S.A., 914 F.2d 900, 905 (7th Cir.1990). But American Eagle did not present any evidence on this issue, so it has no basis to attack the District Court's decision.
 
 
 10
 American Eagle's other argument is that the District Court should not have awarded the $35,000 closing fee as damages because the $50,000 "earnest money" promissory note acted as liquidated damages and so caps the total recovery. This argument fails because American Eagle presented it to the District Court unintelligibly, if at all.[1] Arguments raised in the District Court in a "perfunctory and underdeveloped ... manner" are waived on appeal. Nat'l Metalcrafters v. McNeil, 784 F.2d 817, 825 (7th Cir.1986). "[A] party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal." Liberles v. County of Cook, 709 F.2d 1122, 1126 (7th Cir.1983). American Eagle did not adequately inform the District Court of its argument that the earnest money deposit should cap the damages in this case, and cannot raise that argument now.
 
 The Award to Rappaport
 
 11
 The District Court awarded $333,125 to Rappaport as damages under the Purchase Agreement and Development Agreement. American Eagle presents two arguments concerning this award. First it claims that Rappaport failed to mitigate. But failure to mitigate damages is an affirmative defense under Illinois law. See, e.g., Toushin v. Gonsky, 77 Ill.App.3d 508, 32 Ill.Dec. 743, 749, 395 N.E.2d 1124, 1130 (1979). American Eagle did not plead this defense in its answer, and it did not present the District Court with any evidence on the subject. Even on appeal, American Eagle makes only conclusory statements that Rappaport could have mitigated, without stating how or to what extent. American Eagle has again waived its position. Second, American Eagle argues that the District Court's award should have been discounted to the net present value of the payments that Rappaport would have received under the contracts. Here too, American Eagle failed to raise the argument in the District Court, and it is waived now. In sum, American Eagle has waived its challenges to the District Court's damage award to Rappaport.
 
 Conclusion
 
 12
 A party who prevails in court should receive relief--not further litigation in which the opposing side presents new arguments that were available from the start. Further, courts lack the resources to allow a party to raise new issues when it has already had a full, fair opportunity to present its case. We would do an injustice to Kensington and Rappaport (who have waited more than three years for this case to reach its current position) and litigants in other cases if we were to allow American Eagle to start this case over again by presenting new arguments on appeal.[2] If American Eagle has been ill-served by any of its lawyers, its recourse is a suit for malpractice. See Deppe v. Tripp, 863 F.2d 1356, 1360-61 (7th Cir.1988). For the reasons stated, the judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 American Eagle's argument to the District Court on this issue consisted of a single, poorly worded statement, in a section on another point, used as support for an irrelevant proposition. At the end of a section of its memorandum to the District Court dealing with the purported lack of consideration for the promissory note, American Eagle cited an unpublished case for the principle that "vendors ... retaining earnest money deposited by purchasers as liquidated damages ... could not recover damages from purchasers for breach of contract." American Eagle's Response to Itemization of Damages Due, p. 2. Standing alone, this statement is on point, although our ellipses aid the clarity considerably. In context, however, this statement did not mean that Kensington's damages had to be capped at the amount due under the promissory note. Rather, American Eagle used the statement to argue that Kensington had to choose between (1) retaining the earnest money or (2) proving the fair market value of the property at issue. Id., at p. 3. This argument was a non sequitur because Kensington had already made the choice that American Eagle proposed. Kensington's position was that it could keep the earnest money as a substitute for proving market value damages--while proving its other damages separately. Regardless of the merit of Kensington's position, American Eagle's response failed reasonably to apprise the District Court that Kensington's total damages should be capped by the amount of the earnest money deposit
 
 
 [2]
 We note a tension in this Circuit's decisions as to whether the doctrine of "plain error" applies in civil cases under any circumstances. See Kendra Oil & Gas, Inc. v. Homco, Ltd., 879 F.2d 240, 242 (7th Cir.1989) (stating, "No doctrine of 'plain error' protects litigants in civil cases ... unless the error concerns subject-matter jurisdiction"); Williamson v. Handy Button Machine Co., 817 F.2d 1290, 1295 (stating, "No doctrine of 'plain error' protects parties from the consequences of their decisions in civil litigation"); but see Deppe v. Tripp, 863 F.2d 1356, 1367-68 (7th Cir.1988) (finding no error but concluding that the doctrine "may be available to preserve evidentiary errors for appellate review if a moving party can demonstrate that exceptional circumstances exist, that substantial rights are involved, and that a miscarriage of justice will result"); Walker v. Maccabees Mutual Life Ins. Co., 753 F.2d 599, 602 (7th Cir.1985) (finding no error and stating that "[o]nly in most exceptional circumstances will we allow a civil appellant to make a nonjurisdictional argument for the first time on appeal"). In the present case, this tension in the Circuit's decisions makes no difference. American Eagle has not presented any facts that would support use of the doctrine, even if it is available in some exceptional cases