977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eloise F. HOLDAHL, Plaintiff-Appellant,
v.
Donald B. RICE, Secretary, Department of the Air Force,
Defendant-Appellee.
 No. 91-16858.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 2, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Holdahl appeals pro se from a summary judgment entered by the district court on her claim that the United States Air Force (Air Force) had denied her a promotion because of her sex in violation of Title VII of the Civil Rights Act. 42 U.S.C. § 2000e-16. Holdahl contends that she received disparate treatment because of her sex and that the Air Force's promotion policies had a disparate impact on women. The district court had jurisdiction pursuant to 42 U.S.C. § 2000e-16(c). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 A grant of summary judgment is reviewed de novo. Lippi v. City Bank, 955 F.2d 599, 604 (9th Cir.1992). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Lippi, 955 F.2d at 604.
 
 
 4
 These traditional summary judgment rules apply with full force in Title VII cases. See Foster v. Arcata Assoc., 772 F.2d 1453, 1459 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986). Although courts are generally wary of granting summary judgment when motivation and intent are involved, as in Title VII cases, the allocation of burdens of production enables the district court to screen meritless suits and dispense with them before trial. Id.
 
 
 5
 Holdahl asks us to consider, for the first time on appeal, several new arguments and additional evidence supporting her claims. As an appellate court, our review is limited to the record presented to the district court at the time of summary judgment. Lippi, 955 F.2d at 604; Harkins Amusement Enterprises v. General Cinema Corp., 850 F.2d 477, 482 (9th Cir.1988), cert. denied, 488 U.S. 1019 (1989). The parties may not add additional evidence, pursue new theories, or raise new issues to obtain the reversal of the district court's order. 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2716, at 650-54 (2d ed. 1983); see also Kensington Rock Island Ltd. Partnership v. American Eagle Historic Partners, 921 F.2d 122, 125 (7th Cir.1990) (" '[A] party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal.' " quoting Liberles v. County of Cook, 709 F.2d 1222, 1226 (7th Cir.1983)).
 
 
 6
 We are mindful of the fact that Holdahl is arguing her case pro se. In general, when a person pursues a civil rights claim pro se, "the court must construe the pleadings liberally and must afford plaintiff the benefit of the doubt." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988). Holdahl, however, did not commit a minor, technical miscue. She failed entirely to respond to the Secretary's motion for summary judgment. Holdahl has had ample time, both in a series of administrative proceedings and before the district court, to develop her arguments and collect her evidence. We therefore do not consider this new material in reaching our decision.
 
 
 7
 Holdahl argues that the Air Force deprived her of a promotion because of her sex. The Supreme Court established the allocation of burdens in Title VII cases alleging disparate treatment in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). First, the plaintiff has the burden of establishing a prima facie case of discrimination. Id. at 802. Second, if the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Id. Finally, if the defendant successfully discharges its burden, the plaintiff must prove by a preponderance of the evidence that the reason offered by the defendant was a mere pretext. Id. at 804.
 
 
 8
 The Air Force has assumed for the purposes of this appeal that Holdahl has established a prima facie case of sex discrimination. Thus, we begin with the second prong of the test.
 
 
 9
 Holdahl is currently employed as an aircraft mechanic workleader at McClellan Air Force Base in California. In the early summer of 1988, a problem was identified concerning the sheet metal on the F-11 aircraft. In response, management at the base set up a temporary sheet metal unit. Because of the large ratio of sheet metal mechanics to supervisors, management decided to appoint several temporary foreman.
 
 
 10
 Management determined that it would be desirable to select temporary foremen who were experienced as sheet metal mechanics. Only persons with sheet metal experience were considered for the positions. The two men hired as temporary foremen both had extensive prior experience as sheet metal mechanics. One of them had experience as a supervisor in the sheet metal field. In contrast, by her own admission, Holdahl had little prior experience as a sheet metal mechanic.
 
 
 11
 Holdahl argues only that she met the minimum qualifications for the temporary foremen positions and was well-qualified for the post. Title VII does not bar employers from going beyond the minimum qualifications and promoting an employee with superior qualifications. See Fragante v. City and County of Honolulu, 888 F.2d 591, 599 (9th Cir.1989), cert. denied, 494 U.S. 1081 (1990); Fernandez v. Wynn Oil Co., 653 F.2d 1273, 1276 (9th Cir.1981).
 
 
 12
 We hold that the Secretary has articulated a legitimate, nondiscriminatory business reason for its decision to deny a temporary promotion to Holdahl. The Secretary could reasonably single out sheet metal experience as a necessary qualification in selecting supervisors for a group of sheet metal mechanics. Despite her otherwise strong record, Holdahl did not have the sheet metal experience legitimately required for the position. Holdahl has not put forward any evidence that would show that the Secretary's business rationale was a mere pretext to cover up wrongful discrimination. Thus, she has failed to meet her burden and summary judgment was appropriate.
 
 
 13
 Holdahl also argues that the Air Force's promotion policies had a disparate impact on women. Disparate impact is established when a facially neutral business practice has an adverse impact on a protected group. Griggs v. Duke Power Co., 401 U.S. 424, 431 (1971); Lowe v. City of Monrovia, 775 F.2d 998, 1004 (9th Cir.1985), as amended, 784 F.2d 1407 (9th Cir.1986). Although the district court did not address this claim, Holdahl included it in her complaint, and so we consider it now.
 
 
 14
 To make out a prima facie case of disparate impact, Holdahl must: (1) identify the specific employment practices or selection criteria being challenged; (2) show disparate impact; and (3) prove causation. Rose v. Wells Fargo & Co., 902 F.2d 1417 (9th Cir.1990). "[A] plaintiff must demonstrate that it is the application of a specific or particular employment practice that has created the disparate impact under attack." Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 657 (1989). The plaintiff must support his or her claim with affidavits or other documentary evidence, such as a statistically significant record. See Lowe, 775 F.2d at 1004.
 
 
 15
 Holdahl alleges that Air Force regulations vest discretion to fill temporary positions with group supervisors, "some of whom, plaintiff believes, have personal prejudices towards women in the maintenance field of employment.' " Even assuming she has identified a facially neutral employment practice, Holdahl has not provided any concrete evidence to back up her claim. She has not produced sufficient statistical evidence to show that the discretionary promotion procedure had a disparate impact on women. Merely showing that more men than women were promoted is not enough. See Wards Cove, 490 U.S. at 655. Nor has she introduced any evidence of causation. Accordingly, we hold that the district court properly granted summary judgment.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3