9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Horace GRIFFIN, Plaintiff-Appellant,
v.
James FAIRMAN, Mary Flannigan, Jim Greer, et al. Defendants-Appellees.
 No. 91-2951.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 7, 1993.
Decided Oct. 27, 1993.
 
 Before CUDAHY, COFFEY and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Prison officials at the Joliet Correctional Center charged Horace Griffin with stabbing a fellow inmate. A prison Adjustment Committee held a hearing and found him guilty. Michael Lane, Director of the Department of Corrections, subsequently ordered that a new hearing be held because of procedural infirmities in the first hearing. Griffin was informed on the night of August 2, 1987, that he would have a new hearing. Approximately 18 hours later, a new Adjustment Committee held another hearing to determine Griffin's guilt or innocence. The Committee found Griffin guilty; as punishment, it revoked 360 days of his good time credit, demoted him to "C" grade for 360 days, and placed him in segregation for 360 days. Griffin filed a pro se complaint and later, through appointed counsel, an amended complaint against various prison officials under 42 U.S.C. Sec. 1983, claiming that the procedures used to determine his guilt denied him due process. The district court granted the defendants' motion for summary judgment, and Griffin appeals.
 
 Lack of Notice
 
 2
 Griffin first argues that prison officials failed to give him 24 hours' written notice of the second hearing. (We consider only the alleged improprieties in the second hearing because Griffin suffered no actual deprivation pursuant to the first hearing). The defendants argue that Griffin waived this argument by not raising it before the district court. Griffin counters that the waiver argument should be rejected because his broadly-worded amended complaint put the defendants on notice that he objected to every aspect of the hearing that deprived him of a "fair hearing." In support of this argument, he cites cases on federal pleading requirements such as Maclin v. Paulson, 627 F.2d 83, 86 (7th Cir.1980), and CJA Enterprises, Inc. v. Harbridge Merchant Servs., Inc., No. 91-C6681, 1992 U.S.Dist. LEXIS 8706, at * 14 (N.D.Ill. June 17, 1992). These cases are inapposite because they merely state that pleadings can survive a motion to dismiss as long as they provide the opposing party with notice of the claims and the basic facts supporting them. The issue here is whether the 24-hour notice issue was sufficiently presented to the district court to permit appellate review.
 
 
 3
 Griffin's amended complaint failed to mention the lack-of-notice issue. Instead, it complained that Griffin
 
 
 4
 was deprived of a fair hearing in the following particulars:
 
 
 5
 (a) [H]e was not afforded a lay advocate in the process.
 
 
 6
 (b) The prison authorities[ ] did not interview witnesses as requested by the Plaintiff.
 
 
 7
 (c) They relied on testimony which may have been false.
 
 
 8
 R. 15, at 2. Several paragraphs later, the amended complaint states "[i]n at least the particular ways alleged in ... this complaint, the actions of the Defendants deprived the Plaintiff of his constitutional right to due process." Id. at 3. This catch-all provision was not sufficient to preserve the lack-of-notice issue for appellate review. United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.), cert. denied, 112 S.Ct. 141 (1991); Kensington Rock Island Ltd. Partnership v. American Eagle Historic Partners, 921 F.2d 122, 124-25 (7th Cir.1990).
 
 
 9
 It is true that the general waiver rule is not absolute. Amcast Indus. Corp. v. Detrex Corp., 2 F.3d 746, 749-50 (7th Cir.1993). In rare cases, an issue not raised in the district court may be reviewed on appeal when doing so would not prejudice any party. Even assuming a lack of prejudice here, this is still not a suitable case in which to exercise our power of lenity. Unlike the issue in Amcast, the issue here is not a statutory issue of first impression, the resolution of which would provide useful guidance in future cases.
 
 
 10
 Griffin also argues that the notice issue is not waived because the district court sua sponte discussed the issue in its memorandum opinion and order. In support of his position, he cites Swain v. Brinegar, 542 F.2d 364 (7th Cir.1976) (en banc), and United States ex rel. H & S Indus., Inc. v. F.D.Rich Co., 525 F.2d 760 (7th Cir.1975). These cases are not on point because, in both, this court found that the issue allegedly waived had actually been raised in the district court. Swain, 542 F.2d at 368; F.D.Rich Co., 525 F.2d at 767. Thus, Griffin has not cited any authority to overcome the normal waiver rule. Based on this rule, we will not review Griffin's claim of lack of notice.
 
 
 11
 Failure to Allow Griffin to Have Questions Put to Witnesses
 
 
 12
 Griffin claims that he repeatedly asked of defendants Fairman and Lane that a short list of questions be put to his anonymous accusers.[1] He further maintains that they ignored his requests. Appellant Br. 27. We nevertheless conclude there has been no constitutional violation.
 
 
 13
 The Constitution, including the Due Process Clause, applies within the walls of a prison. Yet, as the Supreme Court has stated,
 
 
 14
 the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed. Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.
 
 
 15
 Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citations omitted). In view of the risk of reprisal, the Court held that a prisoner accused of an institutional violation has no right to cross examine his accusers. Id. at 567-68. The Court went so far as to hold that, even if the prisoner knows the identity of his accusers, he has no right to cross examine them. Id. at 569. Griffin's request to have the Adjustment Committee put a list of questions to his accusers is the functional equivalent of cross-examination,[2] and thus it was within the prison officials' discretion to deny this request.
 
 
 16
 Griffin cites the Illinois Administrative Code, suggesting that the Committee violated section 504.80(i)(2). That section provides that the Committee shall ask questions of the witnesses that the defendant submits unless the Committee finds that the questions are "cumulative, irrelevant, or a threat to the safety of individuals or the security of the facility." However, Griffin's citation to that section, coupled with a brief quotation from Colon v. Schneider, 899 F.2d 660, 667 (7th Cir.1990), does not establish that prison officials committed a due process violation (as opposed to a violation of the Illinois Administrative Code).
 
 
 17
 Failure to Provide Griffin with the Assistance of a Lay Advocate
 
 
 18
 Griffin maintains that he made numerous requests that he be provided with a lay advocate to assist him in his defense. He concedes that Counselor Theodore spoke with him once about his case, but he asserts that Theodore did not help him in any way. Appellant Br. 37-38. Griffin argues that his rights under Wolff and the Illinois Administrative Code were violated by the failure to provide him with a lay counselor.
 
 
 19
 In Wolff, the Court declined to hold that an inmate who is the subject of a disciplinary proceeding has the right to either retained or appointed counsel. However, the Court went on to say that
 
 
 20
 [w]here an illiterate inmate is involved ... or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff.
 
 
 21
 Wolff, 418 U.S. at 570. Griffin does not claim that he was illiterate. Indeed, it would be difficult for him to maintain such a position in view of the fact that he filed a coherent pro se complaint, see R. 1, and also claims to have written a letter to defendant Flannigan requesting the assistance of a lay counselor, see Appellant Br. 33. Thus, the only basis on which he could claim under Wolff the right to a lay counselor would be because of the "complexity" of the issue. Yet the issue confronting the Committee was simply whether Griffin stabbed a fellow inmate. There was nothing complex about it.[3]
 
 
 22
 Griffin also claims that the prison authorities' failure to provide him with a lay advocate violated Illinois Administrative Code section 504.80(b)(6). Griffin completely fails to explain how the alleged violation of section 504.80(b)(6) violated federal law or the Constitution, which is of course the only basis for relief under 42 U.S.C. Sec. 1983. Pacelli v. deVito, 972 F.2d 871, 875 (7th Cir.1992); Losinski v. County of Trempealeau, 946 F.2d 544, 551 (7th Cir.1991). This argument is therefore waived. Berkowitz, 927 F.2d at 1384.
 
 Conclusion
 
 23
 Griffin's only potentially viable claim--the lack of 24 hours' notice before the Committee hearing--is waived for failing to raise it in the district court. His claims concerning the failure to put his questions to his accusers and the failure to provide him with a lay advocate are without merit. In light of these conclusions, we need not address the other issues discussed in the briefs. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 There is some dispute about whether Griffin's requests prior to the first hearing carried over to the second hearing; Griffin also claims that he renewed his request in early July (after the first hearing), but this claim is somewhat dubious because it means that he renewed his request before he had been informed that there would be a second hearing. Nevertheless, we shall assume that Griffin had a request pending when the second Committee hearing took place
 
 
 [2]
 Griffin acknowledges that he was not asking that certain witnesses be "called," see Appellant Br. 29, which he had a limited right to do. Wolff, 418 U.S. at 566
 
 
 [3]
 Griffin claims on appeal that he needed the assistance of a lay advocate because he was on medication to control a psychotic disorder. Appellant Br. 33. This claim was not presented to the district court and is waived. In any event, he fails to explain how his condition impaired his ability to defend himself or why he was not able to defend himself given the fact that he was on medication to control his disorder