14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Anthony JONES, Plaintiff-Appellant,
v.
Dr. Mary FLANNIGAN and Dr. Vallabhaneni, Defendants-Appellees.
 No. 92-2610.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 19, 1994.*
Decided Jan. 20, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Anthony Jones appeals the magistrate judge's decision granting summary judgment to the defendants in his civil rights action brought pursuant to 42 U.S.C. Sec. 1983. Jones alleged that on December 28, 1988 when he was an inmate at the Menard Psychiatric Center, the defendants violated his Eighth and Fourteenth Amendment rights by forcibly administering psychotropic drugs. In November 1989, the district court granted summary judgment for the defendants, holding that the forced administration of drugs was necessary to diffuse the immediate threat Jones posed to himself and to others. On appeal, we remanded the case for further proceedings in light of the then recent Supreme Court decision in Washington v. Harper, 494 U.S. 210 (1990), which mandated the establishment of substantive and procedural protections for inmates before psychotropic medication could be forcibly administered. Jones v. Flannigan, No. 89-3538 (7th Cir. Dec. 11, 1991) (unpublished order). After the parties submitted cross-motions for summary judgment, the district court held that the defendants were entitled to qualified immunity because at the time of the incident, the Seventh Circuit recognized an emergency exception to an inmate's due process rights. Chambers v. Ingram, 858 F.2d 351 (7th Cir.1988). Jones challenges that ruling, and in addition, asserts an ineffective assistance of counsel claim.
 
 
 2
 We review the grant of summary judgment de novo. McGann v. Northeast Illinois Regional Commuter R.R. Corp., 8 F.3d 1174, 1178 (7th Cir.1993). Qualified immunity protects government officials from liability for discretionary conduct if they did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known" at "the time [the] action occurred." Triad Associates, Inc. v. Robinson, No. 92-4002, slip op. at 4 (7th Cir. Nov. 24, 1993) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Jones claims that the defendants waived this defense because they first raised it in their amended answer, filed with the court's permission after the case had been remanded. His argument is without merit. The district court has discretion to grant leave to amend. See Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse--Wis., Inc., 991 F.2d 1249, 1257 (7th Cir.1993). Jones failed to object to defendants' motion to clarify the defenses raised in the original answer, and has waived the issue for appeal. United States v. Maholias, 985 F.2d 869, 877 (7th Cir.1993).
 
 
 3
 Jones asserts that he should have been given a hearing before the drugs were administered against his will. In 1990, the Supreme Court recognized an inmate's liberty interest in refusing psychotropic drugs and his right to contest the prison staff's decision to medicate him at a hearing before a nonjudicial decisionmaker. Harper, 494 U.S. at 227, 235. In 1988, however, the Chief Administrative Officer of an Illinois correctional facility could approve the involuntary administration of medication if a licensed physician concluded that death or serious injury to the inmate or to others was imminent and that the inmate was incapable of giving consent. 730 ILCS 5/3-6-2(e) (1982); 1986 IDOC Administrative Directive, 04.03.103A-J. This court recently held that these pre-Harper procedures to administer medication involuntarily to prisoners did not violate clearly established constitutional rights, and therefore, state officials were entitled to qualified immunity. Sullivan v. Flannigan, 8 F.3d 591, 596 (7th Cir.1993). Because defendants followed the same procedures approved in Sullivan, the magistrate judge was correct in granting them qualified immunity on the due process claim.
 
 
 4
 In their briefs, both parties discuss Jones' ability to sue the defendants in their official capacities. It is questionable, however, whether that issue was raised properly before the district court because the magistrate judge did not discuss it in his order. Assuming that it was, the claim is barred under the Eleventh Amendment because state officials may be sued in their official capacities for injunctive relief only. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n. 10 (1989); MSA Realty Corp. v. State of Illinois, 990 F.2d 288, 291 (7th Cir.1993). Jones' medication was discontinued in May 1989, and he seeks exclusively monetary damages.
 
 
 5
 Jones does not have a Sixth Amendment right to effective assistance of counsel in a civil case. Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991). If he believes that his attorney has ill-served him through his failure to accept the defendants' settlement offer, Jones' remedy is a malpractice suit. Kensington Rock Island Ltd. Partnership v. American Eagle Historic Partners, 921 F.2d 122, 126 (7th Cir.1990).
 
 
 6
 Finally, Jones did not mention an Eighth Amendment claim before the district court on remand or on this appeal until the submission of his reply brief. Thus, this issue is waived. Graff v. City of Chicago, 9 F.3d 1309, 1318 n. 6 (7th Cir.1993) (argument first raised in reply brief is waived). Similarly, in his reply brief, Jones discusses for the first time the alleged violations of his right of freedom of religion, freedom of speech, and his right to remain silent. These claims are waived also.
 
 
 7
 For the foregoing reasons, the magistrate judge's decision is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record