133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George W. COOPER, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-36074.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1997.
Decided Jan. 7, 1998.
 
 1
 Before FLETCHER and O'SCANNLAIN, Circuit Judges, and SCHWARZER, District Judge.**
 
 
 2
 MEMORANDUM*
 
 
 3
 George Cooper sued the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for injuries he sustained in an accident while driving an M151 jeep that he claimed was rebuilt from parts purchased at a military scrap yard. Following a bench trial, the district court entered judgment against Cooper, and Cooper now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 It is hornbook law that "[a]s a general rule, an appellate court will not hear an issue raised for the first time on appeal." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992). In order to preserve an issue for appeal, it is not enough for a plaintiff merely to "point[ ] to a variety of instances in the record where [he] claims [he] raised the issue before the trial court." A-1 Ambulance Serv., Inc. v. County of Monterey, 90 F.3d 333, 338 (9th Cir.1996). Rather, the plaintiff must "fully develop" his claim, Cisneros v. Unum Life Ins. Co., 115 F.3d 669, 676 n. 4 (9th Cir.1997), and must articulate his position with at least moderate precision, see, e.g., Kensington Rock Island Ltd. Partnership. v. American Eagle Historic Partners, 921 F.2d 122, 124--25 (7th Cir.1990) ("Arguments raised in the District Court in a 'perfunctory and underdeveloped ... manner' are waived on appeal." (quoting National Metalcrafters v. McNeil, 784 F.2d 817, 825 (7th Cir.1986))), and persistence, see, e.g., Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 722 (10th Cir.1993) ("[W]here an issue is raised but not pursued in the trial court, it cannot be the basis for the appeal.").
 
 
 5
 In the trial court, Cooper proceeded exclusively upon the theory that the jeep's defective rear swing-arm suspension caused his accident. In its written decision, the district court found against him on the issue of causation, and concluded that "the vehicle's design was irrelevant to Cooper's accident." On appeal, Cooper has shifted his focus, and now asserts that the jeep's lack of seat belts and a roll bar proximately caused his injuries.
 
 
 6
 Appellant has cited to this court several isolated references in the record to the issue of seat belts and roll bars. A thorough review of the record, however, leads us inescapably to the conclusion that Cooper's theory of the case at trial centered upon the alleged suspension defect, and not upon the absence of seat belts and a roll bar. Cooper's complaint, trial brief, trial testimony, and reply brief in closing argument, as well as the parties' joint pretrial order, all focus exclusively upon the alleged suspension defect rather than the absence of seat belts or a roll bar. The trial court never once mentioned seat belts or roll bars in its preliminary oral ruling. Moreover, in its final written decision, the district court characterized what it viewed as the issue before it, noting that it "ha[d] carefully considered Cooper's theory that the tendency of the wheels to cave inward as a result of the swing-arm suspension contributed to the accident ..." In fact, the district court found, in no uncertain terms, that Cooper had "not contended that the government was negligent in not installing a roll bar in the residue that it sold."
 
 
 7
 The simple fact is that Cooper never once specifically argued to the district court, as he did in his briefs to this court, that "the dangerous condition of the M151 jeep, especially the lack of a seat belt and roll bar and failure to warn, was [ ] a legal cause of his injuries." Because the court of appeals "should not be considered a 'second shot' forum, a forum where secondary, back-up theories may be mounted for the first time ... [p]arties must be encouraged to 'give it everything they've got' at the trial level." Tele-Communications, Inc. v. Commissioner, 104 F.3d 1229, 1233 (10th Cir.1997). With all respect, it does not appear that Cooper "gave it all he had" in the district court with regard to the seat-belt-and-roll-bar issue.[1] Consequently he may not raise that issue on appeal.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The Honorable William W. Schwarzer, Senior District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36.3
 
 
 [1]
 None of the exceptions to this requirement is applicable here. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985)