151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald L. MILTON, Plaintiff-Appellant,
v.
CHICAGO PARK DISTRICT, Defendant-Appellee.
 No. 97-3166.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 29, 1998.*
Decided August 4, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 CV 6088 George W. Lindberg, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WILLIAM J. BAUER, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Donald L. Milton alleged that the Chicago Park District refused to rehire him because of his race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The district court granted the Park District's motion for summary judgment. On appeal, Milton argues that summary judgment was improperly granted, that his amended complaint should be ignored, and that he received ineffective assistance of counsel. We affirm.
 
 
 2
 On June 15, 1992, Milton was hired as a structural designer by the Park District. On the same day, the Park District also hired Jiten M. Shah as a structural designer. Milton is African-American and Shah is Asian-Indian. On July 31, 1994, the Park District laid off Milton and Shah due to a reduction in force. The union policy required that their names be placed on a recall list for a period of one year, during which time individuals on the list are recalled for any openings in the inverse order of their layoff. In early 1995, a structural designer position became available. Because both Milton and Shah had the same amount of seniority, the Park District determined that the rehiring decision would be based on an interview of both individuals. The Park District interviewed both candidates, concluded that Shah performed better during the interview, and hired him for the position.
 
 
 3
 After obtaining a right to sue letter from the EEOC, Milton filed a pro se complaint alleging that the Park District and two engineering department heads, Robert Megquier, a Caucasian, and Arvind Modi, an Asian-Indian, terminated him and failed to rehire him based on either his race or national origin in violation of 42 U .S.C. §§ 1981, 1983, and Title VII, 42 U.S.C. § 2000e et seq. The Park District moved to dismiss the complaint for lack of jurisdiction and failure to state a claim. Fed.R.Civ.P 12(b)(1), (6). Several months after filing his complaint, Milton retained legal counsel and amended his complaint.[1] The amended complaint listed the Park District as the only defendant, thereby abandoning the claims against Megquier and Modi. Additionally, the amended complaint did not renew the §§ 1981 and 1983 claims, instead alleging only the Title VII violation. The Park District conceded that Milton stated a prima facie case of discrimination, but moved for summary judgment stating that it chose Shah over him for the legitimate, non-discriminatory reason that Shah performed better than Milton at the interview. In his response to this motion, Milton asserted that the Park District failed to provide specific evidence showing how Shah outperformed him during the interviews (i.e. descriptions of the interview process, rating system, and evaluation of work experience) and that the exhibits that the Park District relied on were inadmissible and hearsay because they were not authenticated or supported by an affidavit. Milton's response also requested that the briefing schedule be suspended to allow him adequate time to conduct discovery. The district court declined to stay the briefing schedule because Milton's counsel failed to make the request by motion pursuant to the requirements of Federal Rule of Civil Procedure 7(b). The court granted the Park District's motion for summary judgment, finding that Milton failed not only to raise a genuine issue of material fact, but also to present any evidence that the Park District's reason for rehiring Shah was pretextual.
 
 
 4
 On appeal, Milton, once again pro se, argues that the district court improperly granted summary judgment, and that this court should disregard his amended complaint and instead consider only his original complaint. The gist of Milton's arguments is that he has unfairly and unconstitutionally been deprived of his day in court by the district court's adherence to Local General Rule 12 and Federal Rule of Civil Procedure 56. More specifically, Milton argues that his First Amendment right to freedom of expression and his Fourteenth Amendment right to due process were violated because the district court ruled without holding a hearing or trial. He also asserts that he received ineffective assistance of counsel because his attorney: (1) abandoned the §§ 1981 and 1983 claims and alleged only a violation of Title VII, which Milton believes cannot be used against a municipal agency;[2] and (2) failed to file a proper response to the Park District's 12(M) statement of uncontested facts as required by Northern District of Illinois Local General Rule 12(N). Milton mistakenly believes that his counsel failed to contest any of the Park District's 12(M) Statement and that the district court accepted the Park District's entire 12(M) Statement as uncontested fact. The district court stated that Milton failed to dispute several facts, but did acknowledge that Milton disputed that Shah performed better than him at the interviews. (See R. 25, Plaintiff's Response to Rule 12(M) Statement, at 2.)
 
 
 5
 As a preliminary matter, we consider Milton's amended complaint rather than his original complaint. An amended complaint supersedes an original complaint: "[t]he prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes functus officio." Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir.1998) (internal citation and footnote omitted).
 
 
 6
 This court reviews a district court's grant of summary judgment de novo. Fisher v. Wayne Dalton Corp., 139 F.3d 1137, 1140 (7th Cir.1998). "Summary judgment is appropriate when the record, viewed in a light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Vector-Springfield Properties, Ltd. v. Central Ill. Light Co., Inc. ., 108 F.3d 806, 809 (7th Cir.1997) (citing Fed.R.Civ.P. 56(c)).
 
 
 7
 Under the indirect, burden-shifting approach, the Park District correctly conceded that Milton stated a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). However, the Park District gave a legitimate, non-discriminatory reason for choosing Shah over Milton: Shah performed better during the interview. The burden then shifted to Milton to raise a genuine issue of material fact over whether the legitimate reason offered by the Park District was its true reason or a pretext for discrimination. Bahl v. Royal Indem. Co., 115 F.3d 1283, 1290 (7th Cir.1997).
 
 
 8
 Milton's response to the motion for summary judgment failed to present any evidence that the Park District's rehiring decision was a pretext for discrimination. Instead, he merely stated that the Park District failed to support its statement that Shah performed better during the interviews because the Park District's exhibits were hearsay that lacked verification or authentication in the form of an affidavit. The Park District's exhibits to their motion for summary judgment and 12(M) Statement include evaluations of the two interviews and an internal memorandum recommending that Shah, rather than Milton, receive the available position based on the interview. The district court found that the memorandum exhibit was sufficient to support the Park District's articulation of a legitimate, non-discriminatory reason. "On a summary judgment motion, when a party seeks to offer evidence through exhibits, they must be identified by affidavit or otherwise be admissible." Powers v. Dole, 782 F.2d 689, 696 (7th Cir.1986); see McKenzie v. Illinois Dept. of Transp., 92 F.3d 473, 484 (1996). On appeal, Milton fails to present, and therefore waives, any argument regarding the admissibility of the exhibits that the Park District submitted in support of its summary judgment motion. Fed.R.App.P. 28(a); Parrillo v. Commercial Union Ins. Co., 85 F.3d 1245, 1249-50 (7th Cir.1996).
 
 
 9
 Milton attempts in his appellate brief to present several facts that he believes indicate that the Park District's employment decision was pretextual. For example, he asserts that he had less time to prepare for the interview, and that on the first day he worked for the Park District, a supervisor from the Office of Personnel informed him that the engineering department heads did not want to hire him, but that he was hired because of his qualifications and as a partial remedy to address historical discrimination against African-Americans in the engineering department.
 
 
 10
 Even if true, none of these facts come close to satisfying Milton's burden at the pretext stage. Once the Park District explained that Milton's interview performance caused it to pass him over in favor of Shah, Milton's task was well-established. "To successfully challenge the honesty [i.e., show pretext] of the company's reasons [the plaintiff] must specifically rebut those reasons. But an opportunity for rebuttal is not an invitation to criticize the employer's evaluation process or simply to question its conclusion about the quality of an employee's performance." Kariotis v. Navistar Int'l Transp. Corp., 131 F.3d 672, 677 (7th Cir.1997). Milton does little to convince us (or the district court) that the Park District did not honestly believe in its reason for not re-hiring him, which he might have done by pointing to a comment or other evidence that he had interviewed as well as Shah. Even if we excluded the unauthenticated exhibits attached to the Park District's motion for summary judgment, it would not call the Park District's honesty into question that Shah interviewed better than Milton and got the job because of that fact. See id. at 676 ("if the [employer] honestly believed in [its] reasons [for an employment decision], the plaintiff loses even if the reasons are foolish or trivial or baseless"). Further, " 'a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.' " Robyns v. Reliance Standard Life Ins. Co., 130 F.3d 1231, 1237-38 (7th Cir.1997) (quoting Liberles v. County of Cook, 709 F.2d 1122, 1126 (7th Cir.1983)); see Adelman-Tremblay v. Jewel Companies, Inc., 859 F.2d 517, 522 n. 5 (7th Cir.1988). Therefore, because Milton failed to raise a genuine issue of material fact before the district court, it properly granted the Park District's motion for summary judgment.
 
 
 11
 Lastly, Milton's ineffective assistance claim fails because a plaintiff in a civil case has no Sixth Amendment right to effective assistance of counsel. Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991). If Milton has been ill-served by his counsel, his remedy is a malpractice suit. Kensington Rock Island Ltd. Partnership v. American Eagle Historic Partners, 921 F.2d 122, 126 (7th Cir.1990).
 
 
 12
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The Park District's motion to dismiss was denied as moot because the amended complaint did not include the claims that were the basis of that motion
 
 
 [2]
 Milton is wrong; discrimination actions against municipalities can be brought under Title VII. See Adams v. City of Chicago, 135 F.3d 1150, 1153 (7th Cir.1998)