**Manuel C. PEDRO–COS,**
**Plaintiff, Appellee,**

v.

**Blas CONTRERAS, et al., Defendants,**
**Appellants.**

**No. 91–2225.**

United States Court of Appeals,
First Circuit.

Submitted June 3, 1992.

Decided Sept. 30, 1992.

Anabelle Rodriguez, Sol. Gen., Reina Colon De Rodriguez, Deputy Sol. Gen., and Carlos Lugo Fiol, Asst. Sol. Gen., Dept. of Justice, on brief for appellants.

Before BREYER, Chief Judge, CAMPBELL, Senior Circuit Judge, and BOUDIN, Circuit Judge.

PER CURIAM.

Plaintiff, Manuel C. Pedro Cos, filed suit, in 1986, pursuant to, inter alia, 42 U.S.C. § 1983, claiming that he was transferred because of his political affiliation in violation of his constitutional rights. Defendants/appellants, officials of the General Services Administration (GSA) of the Commonwealth of Puerto Rico, where Pedro Cos is employed, appeal the denial of summary judgment on their claim of qualified immunity.[1] *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985) (denial of qualified immunity is immediately appealable). We vacate and remand with directions to grant summary judgment to the defendants on the issue of qualified immunity from damages liability.

The relevant facts are these:

1) Pedro Cos is a member of the New Progressive Party (NPP), whose candidate lost the governorship of Puerto Rico in the 1984 election.

2) The defendants are members of the Popular Democratic Party (PDP), whose candidate won the governorship of Puerto Rico in the 1984 election.

3) Pedro Cos is a career employee of GSA for more than 20 years. His classification (since 1980) is Accountant VI. From 1984 until August 1, 1986, he was Chief of Industrial Accounting. According to Pedro Cos, he prepared the monthly financial statements, paid all suppliers, and supervised 25 employees.

4) On August 1, 1986, Pedro Cos was transferred to a new position—Special Assistant to the Finance Director. His classification and salary remain as Accountant VI.

5) According to Pedro Cos, he now supervises no one. He no longer has a secretary. Almost all of his functions were taken away. He now is responsible for menial clerical tasks. He reconciles the paymaster's cash with the monthly bank statements. He says this takes one hour a month. He is also responsible for a Social Security report which, he says, takes one hour every three months.

6) Pedro Cos has a bachelor's degree in business administration and a master's degree in accounting. He also has taken four seminars in the field of accounting. Pedro Cos says that his present functions are not commensurate with his academic preparation and his work experience. He says that he does not perform any of the duties contained in the job description of Accountant VI.

7) Pedro Cos alleges that he was replaced in his prior position with a PDP member with less academic preparation and work experience and a classification of Accountant IV.

8) Pedro Cos contends that defendants were aware of his political affiliation. He claims that these actions occurred because of his political affiliation and that defendants are constantly harrassing and humiliating him,[2] all with the intent to force him to resign.

Appellants deny that Pedro Cos' transfer occurred because of his political affiliation, but rather pursuant to legitimate needs of GSA and in the course of a bona fide reorganization, encompassing the transfer

---

1. Plaintiff failed to file any appellee brief.

2. This alleged constant harassment and humilia-

tion is not further described.

of other employees as well. They also claim that, in any event, they are shielded from liability for civil damages because, at the time of their actions (August 1986), the constitutional protection against a politically motivated demotion or transfer short of dismissal was not clearly established.

■ Appellants are correct in their assessment of the status of the law as of 1986. We have repeatedly stated that, prior to our decision in *Agosto–De–Feliciano v. Aponte–Roque,* 889 F.2d 1209 (1st Cir. 1989) (en banc), and the Court's decision in *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), the law was not so well settled that reasonable people should have been aware that such constitutional protection existed. *Valiente v. Rivera,* 966 F.2d 21, 23 (1st Cir.1992); *Aviles–Martinez v. Monroig,* 963 F.2d 2, 6 (1st Cir.1992); *Castro–Aponte v. Ligia–Rubero,* 953 F.2d 1429, 1430 (1st Cir.1992); *Balaguer–Santiago v. Torres–Gaztambide,* 932 F.2d 1015, 1016 (1st Cir.1991); *Roque–Rodriguez v. Lema Moya,* 926 F.2d 103, 108 (1st Cir.1991); *Nunez–Soto v. Alvarado,* 918 F.2d 1029, 1030 (1st Cir.1990).

■ The district court declined to grant summary judgment on the ground of qualified immunity, however. It concluded that the contention that Pedro Cos' present position was almost entirely devoid of duties and responsibilities coupled with his allegation that the defendants' purpose was to secure his resignation raised a material question of fact regarding his actual duties and whether his transfer constituted a constructive discharge. The court pointed out that we had recognized the constitutional dimension of a claim of constructive discharge in *Alicea Rosado v. Garcia Santiago,* 562 F.2d 114 (1st Cir.1977), long before the defendants' actions in this case, thus precluding them from claiming qualified immunity.

We respectfully disagree with the district court. Even assuming that Pedro Cos' description of his present job is accurate, we conclude that his claim of a constructive discharge fails as a matter of law. As explained in *Alicea Rosado,*

[a] "constructive discharge" has been defined as "an onerous transfer, having the purpose *and effect* of forcing the transferred employee to quit the employment."

*Id.* at 119 (quoting *Newspaper Guild of Boston v. Boston Herald–Traveler Corp.,* 238 F.2d 471, 472 (1st Cir.1956)) (emphasis added).

[T]he "burden imposed upon the employee *must cause,* and be intended to cause, *a change in his working conditions so difficult or unpleasant as to force him to resign."*

*Id.* (quoting *Crystal Princeton Refining Co.,* 222 N.L.R.B. 1068, 1069 (1976)) (emphasis added).

■ Pedro Cos is still employed and drawing his full salary from GSA. He has, in fact, not resigned or left his employment. No discharge, constructive or otherwise, has occurred. As we stated in *Alicea Rosado,*

[b]efore a "constructive discharge" may be found, entitling the employee to quit working altogether rather than accepting a transfer which he thinks is violative of his constitutional rights, the trier of fact must be satisfied that the new working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.

*Id.* A claim of constructive discharge due to a demotion or transfer cannot succeed when a claimant, in fact, has not left employment. *Cf. Smith v. Bath Iron Works Corp.,* 943 F.2d 164, 167 (1st Cir.1991) (because claimant did not resign until 6 months after last episode of discrimination, she cannot prevail under a constructive discharge theory). Indeed, we point out that in the case of *Newspaper Guild v. Boston Herald–Traveler Corp.,* 238 F.2d at 472, which was the source of our much quoted definition of constructive discharge, the claim of constructive discharge was rejected precisely because the employee had not left his employment, but continued to work and draw his full salary on the less desirable 1:00 a.m. shift to which he had been transferred.

The order of the district court denying the defendants' motion for summary judgment on their claim of qualified immunity from damages liability is vacated and we remand for entry of summary judgment in defendants' favor on this issue.

*Vacated and remanded.*