USCA1 Opinion

 

 January 5, 1993 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS For the First Circuit For the First Circuit ____________________ No. 92-1648 PEDRO L. RODRIGUEZ-PINTO, Plaintiff, Appellant, v. CIRILO TIRADO-DELGADO, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ____________________ Before Torruella and Stahl, Circuit Judges, ______________ and Skinner,* District Judge. ______________ ____________________ Hector Urgell Cuebas for appellant. ____________________ Vannessa Ramirez, Assistant Solicitor General, with whom Reina _________________ _____ Colon De Rodriguez, Deputy Solicitor General, Department of Justice, ___________________ was on brief for appellees. ____________________ ____________________ _____________________ *Of the District of Massachusetts, sitting by designation Stahl, Circuit Judge. In this appeal, plaintiff- ______________ appellant Pedro Rodriguez-Pinto challenges the district court's entry of summary judgment in favor of defendants- appellees Cirilo Tirado Delgado and Rafael Rivera Gonzalez on his claim of political affiliation-based discrimination. For the reasons set forth below, we affirm the district court's entry of summary judgment on all of plaintiff's claims except his First Amendment claim for equitable relief. We remand that claim for further proceedings. I. I. __ BACKGROUND BACKGROUND __________ As always, we review the district court's summary judgment ruling de novo, reading the record in a light most __ ____ amiable to the nonmoving party. See Federal Deposit Ins. ___ _____________________ Corp. v. World Univ., Inc., No. 92-1389, slip op. at 4 (1st _____ _________________ Cir. Oct. 22, 1992). Plaintiff is a career employee of the State Insurance Fund of the Commonwealth of Puerto Rico ("the Fund") who, at the time he filed his complaint, had accrued more than twenty-three years of public service. He also is a member of the New Progressive Party ("NPP"), whose gubernatorial candidate lost the general election of November 6, 1984. At the time the complaint was filed, defendant Cirilo Tirado Delgado was the Fund's Administrator and defendant Rafael Rivera Gonzalez was the Fund's Director of -2- 2 Personnel. Both defendants are members of the Popular Democratic Party ("PDP"), whose gubernatorial candidate won the 1984 election. Defendants were appointed to their positions subsequent to January 2, 1985, the day the PDP candidate assumed the governorship of the Commonwealth. Prior to the 1984 election, plaintiff was Chief of the Fund's Finance Division. Plaintiff contends that as Chief, he directed, supervised, and coordinated all Sections of the Finance Division, including the Pay Vouchers Section, the Collections Section, and the Claims and Attachments Section. He further asserts that he coordinated "all the deposits of funds pertaining to the State Insurance Fund in the Government Bank and other commercial banks." The complaint alleges that from July 1985 through November 1985, defendants did not permit plaintiff to carry out the duties of his position. It further states that, since November 1985, plaintiff has been assigned "a small amount of functions belonging to lesser positions in the [Fund]. . . ." Plaintiff's sworn declaration, submitted in opposition to defendants' summary judgment motion, clarifies that, subsequent to the election, plaintiff was reassigned to the position of Assistant to the Chief of the Fund's Collection Division.1 ____________________ 1. Defendants contend that plaintiff's reassignment took place pursuant to a reorganization of the Fund that was carried out late in 1985. Plaintiff asserts that the -3- 3 Plaintiff claims that, since his reassignment, the functions and duties of the Assistant to the Chief of Collections have not been delegated to him, and that he has been allotted only nominal tasks which take no more than ten minutes a day to perform. Plaintiff further claims that the Chief of the Fund's Collection Division, whom plaintiff now is assisting, previously was under his supervision. He also alleges that defendants have deprived him of the following previously-obtained rights and benefits: (1) personal secretary, (2) parking space, (3) office, (4) telephone, (5) supervision of other employees, and (6) access to office records and documents. Finally, plaintiff contends that he was placed in a lower salary scale which has adversely affected his ability to obtain certain pay raises, and that he is subject to daily ridicule and harassment which, in conjunction with the other circumstances of his job change, cause him to feel as if he actually has been discharged from his employment.2 It is plaintiff's position that defendants' actions were precipitated by his affiliation with the NPP. ____________________ reorganization was a sham whose true purpose was to demote employees who were members of the NPP and to replace them with PDP members. Plaintiff further asserts that he was, in fact, replaced by active PDP members, and that all the employees who were demoted pursuant to the 1985 reorganization were affiliated with the NPP. 2. The record reveals, however, that plaintiff has not left his employment with the Fund. -4- 4 In June of 1986, plaintiff filed this action pursuant to, inter alia, 42 U.S.C. 1983, alleging that _____ ____ defendants had violated rights secured him under the First and Fourteenth Amendments to the United States Constitution. Plaintiff's complaint sought both damages and equitable relief in the form of temporary and permanent injunctions directing defendants to reinstate plaintiff to his former employment and to refrain from acting toward him in an unconstitutional manner. Subsequently, defendants filed a motion for summary judgment, arguing that plaintiff's claims under 1983 were insufficiently supported to forestall the entry of judgment in their favor. The district court granted defendants' motion, ruling (1) that plaintiff had not been constructively discharged, (2) that plaintiff had not offered sufficient proof on his claim that, since his transfer, his work situation was so "unreasonably inferior to the norm," see Agosto-de-Feliciano v. Aponte-Roque, 889 F.2d 1209, 1218 ___ ___________________ ____________ (1st Cir. 1989) (en banc) (announcing this circuit's standard for evaluating First Amendment political affiliation-based employment discrimination claims where the employee has not been discharged) (hereinafter "the Agosto-de-Feliciano ___________________ claim"), that it violated the First Amendment,3 and (3) that ____________________ 3. The district court alternatively ruled that even if plaintiff had adequately supported his First Amendment claim, defendants would be entitled to qualified immunity therefrom insofar as plaintiff was seeking civil damages from the defendants in their individual capacities. -5- 5 plaintiff had not been deprived of any property right protected by the Fourteenth Amendment.4 On appeal, plaintiff challenges all of the district court's rulings. We discuss each in turn. II. II. ___ DISCUSSION DISCUSSION __________ A. The First Amendment A. The First Amendment _______________________ 1. Plaintiff's Constructive Discharge Claim 1. Plaintiff's Constructive Discharge Claim ____________________________________________ Plaintiff argues that the district court erred in ruling that he was not constructively discharged. However, we recently made clear that a First Amendment "claim of constructive discharge due to a demotion or transfer cannot succeed when a claimant, in fact, has not left employment." Pedro-Cos v. Contreras, 976 F.2d 83, 85 (1st Cir. 1992) (per _________ _________ curiam) (surveying pertinent First Circuit authority). Here, the record reflects that plaintiff has not left his employment with the Fund. Thus, his constructive discharge claim fails as a matter of law. 2. Plaintiff's Agosto-de-Feliciano Claim5 2. Plaintiff's Agosto-de-Feliciano Claim5 __________________________________________ ____________________ 4. At the same time, the court also dismissed several pendent state claims brought by plaintiff. 5. In his concurrence, Judge Torruella questions the continuing vitality of Agosto-de-Feliciano in light of the ___________________ Supreme Court's ruling in Rutan v. Republican Party of _____ _____________________ Illinois, 110 S. Ct. 2729 (1990). Because we find, as will ________ be discussed more fully infra, that there exist sufficient _____ genuine and material factual disputes to warrant a trial on plaintiff's claim for equitable relief even under the arguably more stringent standard set forth in Agosto-de- __________ -6- 6 a. Civil Damages a. Civil Damages _________________ Plaintiff also takes issue with the district court's alternative ruling, see supra note 3, that defendants ___ _____ are entitled to qualified immunity from his claim for civil damages under Agosto-de-Feliciano.6 However, we repeatedly ___________________ have stated that, prior to our decision in Agosto-de- __________ Feliciano and the Supreme Court's decision in Rutan, it was _________ _____ not clearly established that the constitutional prohibition against politically motivated firings applied to other _______ personnel actions, such as promotions, transfers, demotions, and hirings. See, e.g., Pedro-Cos, 976 F.2d at 85; Valiente ___ ____ _________ ________ v. Rivera, 966 F.2d 21, 23 (1st Cir. 1992); Castro-Aponte v. ______ _____________ Ligia-Rubero, 953 F.2d 1429, 1430 (1st Cir. 1992). Here, all ____________ the complained of adverse personnel actions took place prior to our decision in Agosto-de-Feliciano and the Supreme ___________________ Court's decision in Rutan. As a result, the district court's _____ ruling that defendants were entitled to qualified immunity from plaintiff's claim for civil damages was plainly correct. b. Equitable Relief b. Equitable Relief ____________________ ____________________ Feliciano, we do not reach this issue. _________ 6. The doctrine of qualified immunity shields governmental officials performing discretionary functions from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See Rivera v. Murphy, ___ ______ ______ No. 92-1688, slip op. at 7 (1st Cir. Nov. 10, 1992) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). ______ __________ -7- 7 Plaintiff's claim for equitable relief under Agosto-de-Feliciano to redress perceived ongoing ___________________ constitutional violations by defendants presents us with a considerably more difficult issue. As noted above, the district court held that plaintiff did not introduce sufficient proof on this claim to warrant a trial. More specifically, the court ruled that plaintiff had not "produced enough evidence" of a sufficiently severe decline in his work conditions for a factfinder to conclude, under a "clear and convincing evidence" standard, that plaintiff's work situation is "unreasonably inferior to the norm for the position." See generally Agosto-de-Feliciano, 889 F.2d at ___ _________ ___________________ 1218-20. The court also ruled that plaintiff had failed to adduce evidence sufficient for a factfinder to determine, under a "preponderance of the evidence" standard, that defendants' true motivation in taking their actions was political affiliation-based discrimination. See id. at 1220. ___ ___ In so doing, the court found that the allegations set forth in plaintiff's sworn complaint and elaborated upon in plaintiff's sworn declaration were "conclusory" and, without more, were insufficient to defeat defendants' motion for summary judgment. We do not share the district court's view of plaintiff's evidence. Summary judgment acts "to pierce the boilerplate of the pleadings and assay the parties' proof in order to -8- 8 determine whether trial is actually required." Wynne v. _____ Tufts Univ. Sch. of Medicine, No. 92-1437, slip op. at 6 (1st ____________________________ Cir. Oct. 6, 1992). It is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. ___ ____ _____________ _______ 317, 323 (1986). "In this context, `genuine' means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." United States v. One _____________ ___ Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992) ________________________ (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 ________ ___________________ (1986)). A "material" fact is one "that might affect the outcome of the suit under the governing law." Anderson, 477 ________ U.S. at 248. The moving party bears the initial burden of averring that the evidence is insufficient to support the nonmoving party's case. See, e.g., Lawrence v. Northrop, No. ___ ____ ________ ________ 92-1702, slip op. at 3 (1st Cir. Nov. 25, 1992) (citations omitted). Once that burden is met, the opposing party must "limn a genuine disagreement as to some material fact." One ___ Parcel of Real Property, 960 F.2d at 204. In so doing, the _______________________ nonmovant cannot avoid summary judgment merely by promising to produce admissible evidence at trial. Id. (citing Garside ___ _______ -9- 9 v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir. 1990)). _________________ "Instead, the [nonmovant] must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257. ________ In this case, plaintiff's burden is more onerous than that of the usual civil litigant opposing a summary judgment motion. Ordinarily, for the nonmovant to avoid the entry of summary judgment, the record must be such that a reasonable factfinder could determine by a preponderance of the evidence that the nonmovant is entitled to a verdict. See id. at 252. Here, however, the record must contain ___ ___ evidence which would allow the factfinder to conclude, by clear and convincing evidence, that the nonmoving employee's new position is "unreasonably inferior to the norm." Agosto- _______ de-Feliciano, 889 F.2d at 1220; see also Anderson, 477 U.S. ____________ ___ _____________ at 254 (holding that the clear and convincing evidence standard, when applicable, must be taken into account at the summary judgment stage). Although the "unreasonably inferior to the norm" standard is not self-defining and its contours, at times, may be difficult to ascertain, we have specifically noted some situations where a factfinder would, in all likelihood, be entitled to find an employee's new job situation to be "unreasonably inferior." See generally id. ___ _________ ___ at 1219. Included among these are situations where (1) the employee has been stripped of responsibilities that -10- 10 previously were legitimately his/hers and the responsibilities have been reassigned to someone who was the employee's subordinate; (2) the employee has been stripped of both supervisory status and his/her right to work independently on projects of significance; and (3) the employee has endured a sustained and significant general worsening of employment conditions. See id. ___ ___ Even if the plaintiff has established the existence of at least one genuine and material issue of fact under the aforementioned standard, s/he is not necessarily entitled to go to trial. Instead, the record also must permit the factfinder to conclude by a preponderance of the evidence that the changes in the nonmoving employee's work situation were motivated by discrimination on the basis of political affiliation. See id. at 1220. Assuming the nonmovant meets ___ ___ that burden, "an employer then may seek to establish by a preponderance of the evidence that the changes would have been made regardless of political affiliation." Id. (citing __________ ___ Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 _______________________________ _____ (1977); Cordero v. DeJesus- Mendez, 867 F.2d 1, 5 (1st Cir. _______ ________________ 1989); Kercado-Melendez v. Aponte-Roque, 829 F.2d 255, 264 ________________ ____________ (1st Cir. 1987), cert. denied, 486 U.S. 1044 (1988)). _____ ______ Reading the record in the light most favorable to plaintiff, we believe there exist genuine and material questions of fact which, if resolved in plaintiff's favor, -11- 11 could result in his prevailing at trial. First of all, we do not agree with the district court that the allegations in plaintiff's sworn complaint, as elaborated upon in his sworn declaration, are "conclusory." Rather, our review reveals a series of factual assertions that are probative of whether defendants are discriminating against plaintiff on the basis of his political affiliation.7 More importantly, we find that plaintiff's sworn allegations, if believed, could allow a reasonable factfinder to find for plaintiff. We note that the following allegations by plaintiff have in no way been conclusively rebutted: (1) that prior to his reassignment, plaintiff directed, supervised, and coordinated the Fund's Finance Division; (2) that since his reassignment, plaintiff has been assisting a person who previously was under his supervision; (3) that since his reassignment, plaintiff has not been delegated the functions and duties of his new job title; (4) that since his reassignment, plaintiff only has been assigned clerical tasks which take ten minutes a day to perform; (5) that since his reassignment, plaintiff has been deprived of his supervisory status; (6) that since his reassignment, plaintiff has been placed in a lower pay scale where he no longer can obtain certain pay raises; ____________________ 7. The assertions at issue are set forth in Section I of this opinion. -12- 12 (7) that plaintiff is a known member of the NPP; (8) that plaintiff's prior position was filled by members of the PDP; and (9) that everyone who was demoted during the 1985 reorganization was affiliated with the NPP. Simply put, we view sworn allegations (1)-(6) as a sufficient evidentiary basis for a reasonable factfinder to find by clear and convincing evidence that plaintiff's current position is "unreasonably inferior to the norm."8 Similarly, we believe that allegations (7)-(9) could constitute an adequate foundation for that same factfinder to conclude by a preponderance of the evidence that defendants were motivated by discrimination on the basis of political affiliation. Accordingly, we find that the district court should not have entered summary judgment on plaintiff's Agosto-de-Feliciano claim insofar as that claim was seeking ___________________ equitable relief.9 ____________________ 8. We note the similarity between these allegations and the examples of situations that we previously indicated should go to the jury. See Agosto-de-Feliciano, 889 F.2d at 1219. ___ ___________________ 9. In their brief, defendants go to great lengths to assert a "changeover" defense. See generally Agosto-de-Feliciano, ___ _________ ___________________ 889 F.2d at 1220-22. In so doing, they argue that plaintiff was transferred as part of a legitimate reorganization of the Fund in 1985. See supra note 1. As stated, defendants' ___ _____ changeover defense may articulate a legitimate reason for plaintiff's reassignment. However, it makes no attempt to explain why the reorganization took place along the political lines alleged by plaintiff. Accordingly, there remain genuine issues of material fact as to whether the 1985 reorganization was pretextual. See id. at 1221-22. ___ ___ Moreover, in presenting us with their changeover argument, defendants do not deny or attempt to explain why -13- 13 B. The Due Process Clause B. The Due Process Clause __________________________ Plaintiff's final argument is that the district court erred in granting defendants summary judgment on his claim, as set forth generally in his complaint, that "plaintiff's property interests are being adversely affected by defendants['] actions . . . in violation of [plaintiff's] rights to due process under the Fourteenth Amendment. . . ."10 We disagree with plaintiff's contention. Plaintiff's due process claim depends on his having been deprived of a property right without due process of law. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 ___ _______________________ __________ (1985). To establish such a right, "a person clearly must have more that an abstract need or desire for it. [S/h]e must have more than a unilateral expectation of it. [S/h]e ____________________ plaintiff (1) has not been delegated the functions and duties of his new job title, (2) is assigned only clerical tasks which take ten minutes a day to perform, or (3) is now assisting a former subordinate. Nor do defendants conclusively refute plaintiff's claim that he now is in a lower pay scale. Accordingly, defendants' changeover defense does not provide us with an alternative basis for affirming the district court's entry of summary judgment in favor of defendants on plaintiff's Agosto-de-Feliciano claim for ___________________ equitable relief. 10. On appeal, plaintiff alleges for the first time that the property interests of which he was unconstitutionally deprived were the right to remain Chief of the Fund's Finance Division and the right to remain in the same salary scale regardless of his reassignment. -14- 14 must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). ___________________ ____ Moreover, a property right is not created by the Constitution, but is created and defined in dimension "`by existing rules or understandings that stem from an independent source such as state law.'" Loudermill, 470 U.S. __________ at 538 (quoting Roth, 408 U.S. at 577). ____ In the proceedings below, plaintiff's attempts at explication of his due process claim consisted of the aforementioned paragraph in his complaint and two paragraphs in his memorandum of law in opposition to defendants' motion for summary judgment, wherein he recaps the paragraph in his complaint and points out, irrelevantly, that defendants are not claiming qualified immunity on his due process claim. In fact, plaintiff never clearly identified the property right or rights of which he allegedly was deprived.11 Nor did he attempt (1) to identify the source of any such right or rights; (2) to explain how the right or rights are entitled to constitutional protection; (3) to specify the facts which allegedly support his due process claim; or (4) to cite any legal authority tending to strengthen his claim. In light of ____________________ 11. At one point in his memorandum in opposition to defendants' summary judgment motion, plaintiff seems to be asserting that he was deprived of continued public employment to which he was legitimately, and therefore constitutionally, entitled. See Roth, 408 U.S. at 577. As the district court ___ ____ noted, this argument fails for the simple reason that plaintiff has remained employed by the Fund. -15- 15 these omissions, it is apparent that plaintiff presented his due process claim to the district court in only a most perfunctory manner. And, it is well settled that arguments made in a perfunctory manner below are deemed waived on appeal. See, e.g., World Univ., Inc., slip op. at 13 (citing ___ ____ _________________ Buenrostro v. Collazo, 973 F.2d 39, 44 (1st Cir. 1992)); see __________ _______ ___ also McCoy v. Massachusetts Inst. of Technology, 950 F.2d 13, ____ _____ _________________________________ 22 (1st Cir. 1991) ("[T]heories not raised squarely in the district court cannot be surfaced for the first time on appeal.") (citations omitted), cert. denied, 112 S. Ct. 1939 _____ ______ (1992); cf. Kensington Rock Island Ltd. Partnership v. ___ ___________________________________________ American Eagle Historic Partners, 921 F.2d 122, 125 (7th Cir. ________________________________ 1990) ("`A party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal.'") (quoting Liberles v. County of Cook, 709 F.2d ________ _______________ 1122, 1126 (7th Cir. 1983)). Obviously, the district court made significant efforts to discern and address the merits of plaintiff's due process claim.12 In this instance, however, we prefer to ____________________ 12. The district court construed plaintiff's claim as one for the deprivation of the right to continue as Chief of the Fund's Finance Division and/or the right to remain in the same salary scale regardless of reassignment, and then found that plaintiff had no such right or rights. In fact, it appears that the district court's construction of his claim provided the basis for plaintiff's due process argument on -16- 16 avoid the constitutional ruling.13 See, e.g., El Dia, Inc. ___ ____ _____________ v. Hernandez Colon, 963 F.2d 488, 494 (1st Cir. 1992) ("`It _______________ has long been a basic tenet of the federal courts to eschew the decision of cases on constitutional grounds unless and until all other available avenues of resolution [are] exhausted.'") (quoting Aggarwal v. Ponce School of Medicine, ________ ________________________ 745 F.2d 723, 726 (1st Cir. 1984)). Nonetheless, we affirm the district court's entry of summary judgment against plaintiff on his due process claim. III. III. ____ CONCLUSION CONCLUSION __________ For the reasons herein stated, we affirm the district court's entry of summary judgment in favor of defendants on plaintiff's constructive discharge claim and plaintiff's Agosto-de-Feliciano claim for civil damages. We ___________________ also affirm the court's entry of summary judgment in favor of defendants on plaintiff's due process claim. However, we reverse and remand for further proceedings the court's entry ____________________ appeal. 13. We may, of course, "`affirm the entry of summary judgment on any independently sufficient ground made manifest by the record.'" World Univ., Inc., slip op. at 4 (quoting _________________ Quintero de Quintero v. Aponte-Roque, 974 F.2d 226, 228 (1st _____________________ ____________ Cir. 1992)). -17- 17 of summary judgment in favor of defendants on plaintiff's Agosto-de-Feliciano claim for equitable relief. ___________________ Affirmed in part, reversed in part. Remanded for ___________________________________________________ further proceedings consistent with this opinion. _________________________________________________ "Concurrence follows" -18- 18 TORRUELLA, Circuit Judge (Concurring). Although I _____________ concur with the majority I am of the view that Agosto-de- __________ Feliciano v. Aponte-Rogue, 889 F.2d 1209 (1st Cir. 1989) (en _________ ____________ banc), particularly its so-called "changeover" defense, see ___ ante at 13 n.9, no longer reflects the law of the land as ____ articulated by the Supreme Court in Rutan v. Republican Party _____ ________________ of Illinois, 110 S. Ct. 2729 (1990). I therefore do not ___________ consider Agosto-de-Feliciano authoritative circuit precedent. ___________________ -19- 19