USCA1 Opinion

 

 December 2, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1181 CARLEY DISTRIBUTING CORPORATION, Plaintiff, Appellant, v. FIRST NATIONAL BANK OF BOSTON, N.A., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Alice Net Carlo with whom Carlos E. Rosado was on brief for ________________ _________________ appellant. Manuel Moreda-Toledo for appellee. ____________________ ____________________ ____________________ COFFIN, Senior Circuit Judge. The issue before us is _____________________ whether the district court, in refusing to reconsider its decision to dismiss a second amended complaint for failure to state any non-fraud cause of action, abused its discretion. Our conclusion is that, even if the issue had been preserved, there has been no abuse. The factual essence of the complaint is that plaintiff was a supplier and creditor of an electronics retailer, Novedades Guerra (N.G.); N.G. and the bank agreed that N.G. would pay its suppliers/creditors with post-dated checks, which the bank would honor; N.G. issued eleven such checks to plaintiff but the bank, by setting off deposits of N.G.'s sales proceeds against N.G.'s outstanding debt to it, reduced the amount available to pay N.G.'s creditors and discriminated against plaintiff by honoring some post-dated checks payable to other creditors; the result was that no checks payable to plaintiff were honored. The complaint also alleged that the bank made false representations to creditors of N.G., allegations no longer relevant to this appeal. The district court, in dismissing the second amended complaint -- which, it observed, represented plaintiff's third opportunity to submit an acceptable pleading -- referred to a listing of the supposed non-fraud causes of action: breach of contract, fraud and/or negligence, breach of fiduciary duties, misrepresentation, unsafe and unsound banking practices, and tortious interference with contractual relationships. It held that not only did plaintiff fail to set forth each claim as required by Fed. R. Civ. P. 10(b), it also failed to allege facts ("as opposed to unverifiable conclusions") supporting such claim or to relate facts to a legal theory. Therefore, the court held, plaintiff failed to state a claim under Fed. R. Civ. P. 12(b)(6). In moving to reconsider this dismissal, plaintiff sought reconsideration only "on the grounds that the pleadings are sufficient to meet the specificity requirements of Rule 9(b)." This reference, of course, was to the allegations of fraud. Only in the last two pages of the twenty-two page brief supporting the motion was there mention of non-fraud claims. Even here there was only the most conclusory assertion that such claims "require only general pleading" -- with no effort to demonstrate how any such claim could be considered adequate. At least, the issue was discussed "in only a most perfunctory manner . . . [and is] deemed waived on appeal." Rodriguez-Pinto v. Tirado-Delgado, 982 _______________ ______________ F.2d 34, 41 (1st Cir. 1993). To compound its difficulties, while plaintiff on appeal identifies its claims as including breach of contract, breach of fiduciary duties, or tortious interference with contractual relations, it proffers arguments only with regard to its claim of "negligent or tortious conduct." It cites three subordinate theories. The first is the bank's failure "to honor the agreement with [N.G.] that the post-dated checks . . . would be paid when due." This has the aroma of an alleged breach of contract, but that theory is not argued on appeal. Nor do we -3- perceive any ground for inferring a duty of care owed by the bank to creditors of N.G. The remaining allegations are that causes of action in tort arise from the "intentional or unintentional . . . discriminatory pattern" of honoring some post-dated checks but not others, and the bank's setting off N.G.'s deposits of proceeds from sales against N.G.'s debt to the bank rather than paying N.G.'s suppliers. But the arguments were not made in plaintiff's motion for reconsideration below. We can hardly fault the district court for any abuse of discretion in overlooking claims that were never advanced. Even were we to entertain the arguments, plaintiff has not pointed out any legal basis for deeming these alleged actions improper or a breach of any duty. Affirmed. ________ -4-