In re A & J AUTO SALES, INC., Debtor.

A & J AUTO SALES, INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 95–12233–MWV.
Adv. No. 95–1212–MWV.

United States Bankruptcy Court,
D. New Hampshire.

Dec. 24, 1996.

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH, for UST J. Christopher Marshall.

Diane M. Puckhaber, Rogers & Puckhaber, Concord, NH, for Plaintiff A & J Auto Sales, Inc.

Beth A. Westerman, U.S. Department of Justice, Washington, DC, for Defendant U.S.

## MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the motion of the United States ("IRS") to dismiss the Debtor's complaint or for summary judgment. A & J Auto Sales, Inc. ("Debtor") filed a complaint alleging that the IRS willfully violated the automatic stay.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(c), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, the Court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), means that "the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party...." *Rodriguez–Pinto v. Tirado–Delgado*, 982 F.2d 34, 36 (1st Cir.1993) (internal quotation marks and citations omitted). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 703 (1st Cir. 1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994). "[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

The parties agree that the following facts are not in dispute. The Debtor is a corporation. Its business involves the sale and service of automobiles. At the time of the filing the Debtor owed the IRS approximately $95,-000. The actions which allegedly violate the automatic stay took place on September 13, 1995. On that date, IRS revenue officers arrived at the Debtor's premises to conduct collection proceedings. The president of the Debtor, Leo Jerzierski, informed the revenue officers that the Debtor was planning to file bankruptcy, and that the president's son was in fact traveling to the Bankruptcy Court to file the petition. The Chapter 11 petition was filed with the Bankruptcy Court at 2:03 p.m. Prior to that time, the IRS served a Notice of Levy, ascertained which cars belonged to the Debtor, and put warning stickers on the vehicles. At 1:37 p.m. a revenue officer served Mr. Jerzierski with a Notice of Seizure, and at 1:47 p.m. a towing service, which had been called by the IRS, arrived. At approximately 2:15 p.m. Mr. Jerzierski received a telephone call from his son who indicated that the bankruptcy petition had been filed and provided his father with a docket number for the case. Mr. Jerzierski in turn provided the docket number to the IRS. At some point, the IRS revenue officers spoke to Debtor's counsel by telephone who informed them that their actions were violating the automatic stay. According to the IRS, the revenue officers then spoke to their superiors who told them that the removal of the vehicles did not violate the automatic stay. The IRS continued to remove automobiles from the premises.

The Debtor filed an Emergency Motion to Compel Turnover of Property on September

19, 1995, six days after the seizure. The Court held a hearing on September 20, 1995 at which the Court ordered the IRS to turn over the seized vehicles. The IRS timely complied with the order.

The IRS argues that based on these undisputed facts, it is entitled to judgment as a matter of law because (1) 11 U.S.C. § 362(h) does not provide damages to corporate debtors, like the Debtor; (2) 11 U.S.C. § 105 does not provide the Court with statutory contempt powers to award damages to the Debtor; and (3) the IRS did not willfully violate the automatic stay. Section 362(h) states that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances may recover punitive damages."

■ Five United States Courts of Appeals have addressed the issue of whether a corporate debtor is entitled to relief under section 362(h) as the statute states that "individuals" are entitled to damages. The courts have reached differing results. The Third and Fourth Circuits have held that section 362(h) is available to corporate debtors, *Cuffee v. Atlantic Business and Community Dev. Corp. (In re Atlantic Business and Community Corp.)*, 901 F.2d 325, 329 (3d Cir.1990); *Budget Serv. Co. v. Better Homes of Virginia, Inc.*, 804 F.2d 289 (4th Cir.1986), while the Second, Ninth, and Eleventh Circuits have held that section 362(h) is available only to individual debtors, i.e. debtors who are natural persons, *Jove Eng'g, Inc. v. Internal Revenue Serv.*, 92 F.3d 1539, 1552 (11th Cir. 1996); *Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613 (9th Cir.1993); and *Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.)*, 920 F.2d 183 (2d Cir.1990). The Court agrees with the analysis in *Chateaugay* and its progeny, which rely on the plain meaning rule set forth in *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), in holding that the term "individual" in section 362(h) does not include a corporation. Accordingly, the Court finds that section 362(h) affords no remedy to the Debtor for the IRS's alleged violation of the automatic stay.

The IRS next argues that it is entitled to judgment as a matter of law because 11 U.S.C. § 105 does not provide the Court with the statutory contempt power to award damages to the Debtor. The three circuit courts of appeals that held damages cannot be awarded to corporations under section 362(h) have acknowledged the capacity of an injured corporation to recover damages through the civil contempt power of section 105. *Jove*, 92 F.3d at 1553–54; *Goodman*, 991 F.2d at 620; and *Chateaugay*, 920 F.2d at 186–87. Prior to the enactment of section 362(h) in 1984, courts used their civil contempt power to award damages for violations of the automatic stay. *See Chateaugay*, 920 F.2d at 186. The Eleventh Circuit recently concluded in its *Jove* opinion that section 105 grants courts independent statutory contempt powers to award monetary and other forms of relief for automatic stay violations to the extent such awards are "necessary or appropriate" to carry out the provisions of the Bankruptcy Code. *Jove*, 92 F.3d at 1554.

■ The Court finds that, even if it has statutory contempt powers to award damages to the Debtor under section 105 for the IRS's alleged violation of the automatic stay, this analysis would involve a factual determination precluding the award of summary judgment. Unlike a motion under section 362(h), in order to find contempt the debtor must show that the IRS had actual knowledge of the stay. Further, the decision whether or not to award damages is discretionary and not mandatory as it is under section 362(h). Finally, punitive damages are not available for contempt. Accordingly, trial of this issue will go forward as scheduled on January 8, 1997.

This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.