Luis A. **ACEVEDO GARCIA,**
**et al., Plaintiffs**

**v.**

Hon. Roberto Vera **MONROIG,**
. **et al., Defendants**

No. 97–2630(JP).

United States District Court,
D. Puerto Rico.

Oct. 29, 2001.

Israel Roldan-Gonzalez, Aguadilla, PR, Miguel A. Pagan-Rivera, Hao Rey, PR, Hector L. Guzman, San Sebastian, PR, for plaintiffs.

Luis V. Villares-Sarmiento, Yahaida Zabala, Sanchez Betances & Sifre, San Juan, PR, John M. Garcia-Nokonechna, Juan C. Garay-Massey, Garcia & Fernandez, San Juan, PR, Judith Martinez-Fortier, Department of Justice of PR Federal Litigation Division, San Juan, PR, Johanna M. Emmanuelli-Huertas, Luis Falto-Cruz, Pedro Ortiz Alvarez Law Offices, Ponce, PR, for defendants.

## OPINION AND ORDER

PIERAS, Senior District Judge.

### I. INTRODUCTION AND BACKGROUND

On October 10, 2001, the Court commenced the jury trial in the above captioned case. The trial involved Plaintiffs Edwin Alexis Plaza Ruiz, Lillian Torres Cabán, Iris B. Rivera Pérez, Sonia Bermúdez Sepúlveda, Nora E. Ruiz González, José D. Aponte, José A. Rodríguez Soba, Juan A. Hernández Ramos' claims that they were harassed and dismissed for political reasons; and Plaintiffs María E. Irizarry Rodriguez, Miguel A. Camacho Díaz, Luz N. Ramírez Plaza, Helga E. Maldonado Rodríguez, Luis A. Acevedo García, Isabel Vélez Sepúlveda, José J. Rosado Alicea, Fermín Díaz Santiago, Luz N. Pérez Jiménez, Edirudis Ramos Quiñones, Flor M. Santiago Nieves, and Gabriel Caraballo Ortiz's claims that they were dismissed for political reasons. Plaintiffs' claims are primarily based on the First, Fifth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983.

At the conclusion of Plaintiffs' case in chief, Defendants moved for a judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure, claiming (1) that Plaintiffs Edwin Alexis Plaza Ruiz, Lillian Torres Cabán, Iris B. Rivera Pérez, Sonia Bermúdez Sepúlveda, Nora E. Ruiz González, José D. Aponte, José A. Rodrí-

guez Soba, Juan A. Hernández Ramos' did not produce sufficient evidence that they were harassed and that their political affiliation was a motivating factor for their harassment; and (2) that all Plaintiffs did not produce sufficient evidence to establish that their political affiliation was a motivating factor for their dismissals.

After hearing the arguments of both parties and based on the evidence in the record, the Court hereby **DENIES** Defendants' Motion for Judgment as a Matter of Law.

## II. STANDARD FOR A RULE 50 JUDGMENT AS A MATTER OF LAW

In deciding a motion for a judgment as a matter of law pursuant to Rule 50, a district court must examine the evidence and draw any inferences in the light most favorable to the non-moving party. *See Mangla v. Brown University,* 135 F.3d 80, (1st Cir.1998) (citing *Rolon–Alvarado v. Municipality of San Juan,* 1 F.3d 74, 76 (1st Cir.1993)). In addition, the Court may not "consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." *Katz v. City Metal Co., Inc. .,* 87 F.3d 26, 28 (1st Cir.1996) (quoting *Richmond Steel, Inc. v. Puerto Rican American Ins.* Co., 954 F.2d 19, 22 (1st Cir.1992)). For a Court to submit an issue to the jury, the plaintiff must "present 'more than a mere scintilla' of evidence and may not rely on conjecture or speculation." *Id.* Ultimately, to grant a Rule 50 motion, the Court must find that as a matter of law, the record would only permit a reasonable jury to reach one conclusion as to the disputed issue. *See id.; Mangla,* 135 F.3d at 82 (judgment as a matter of law may be granted only if evidence "is such that reasonable minds could not differ as to the outcome.")

## III. ANALYSIS

■ The Court finds that in the instant case, a reasonable jury could find that Plaintiffs have met their burden of establishing a cause of action for political discrimination in violation of the First, Fifth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983. The following evidence that Plaintiffs have produced is to be evaluated by the jury together with any rebuttal that may come in. Plaintiffs have produced evidence that (1) their functions as employees within the Municipality of Adjuntas were taken away; (2) they were dismissed from their positions within the Municipality of Adjuntas; (3) Defendants did not take requirements of "Lay–Off Plan for Municipality of Adjuntas Employees", ("Lay–Off Plan") into consideration prior to dismissing them; (4) Defendants eliminated the positions of Plaintiffs who were NPP affiliates and (5) new employees were hired to perform Plaintiffs' jobs within the Municipality of Adjuntas.

■ The First Circuit has recognized that employment actions less than dismissal can constitute political discrimination when a plaintiff's "work situation is unreasonably inferior to the norm for the position" such that "the new work conditions would place substantial pressure on even one of thick skin to conform to the prevailing political view." *Agosto–de–Feliciano v. Aponte–Roque,* 889 F.2d 1209, 1218 (1st Cir.1989). The United States Supreme Court has also addressed the issue of First Amendment protection against patronage dismissals in *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). In *Rutan,* the Court extended First Amendment protection to "promotions, transfers, and recalls after layoffs." *Rutan,* 497 U.S. at 75, 110 S.Ct. 2729. The Court also suggested that any adverse action, no matter how minor, violates the First Amendment if it is in retali-

ation for an employee's exercise of First Amendment Rights. *See id.* at 76 n. 8, 110 S.Ct. 2729 ("the First Amendment . . . . already protects state employees not only from patronage dismissals but also from 'even an act of retaliation as trivial as failing to hold a birthday party for a public employee . . . . when intended to punish her for exercising her free speech rights.' " (citations omitted)).

The First Circuit has not directly addressed the effect of *Rutan* on its "unreasonably inferior" standard, but did state in dicta that regarding the above quoted passage:

> We do not regard such colorful rhetoric as necessarily foreclosing something like the "unreasonably inferior" rule for personnel actions short of demotions or transfers. The Rutan court was concerned with "deprivations less harsh than dismissal that nevertheless press state employees and applicants to conform their beliefs and associations to some state-selected orthodoxy.", *Id.* at 75, 110 S.Ct. 2729, a formulation similar to Agosto–de–Feliciano's standard. . . . We leave the resolution of any conflict in the standard for such adverse personnel actions to some future case.

*Acosta–Orozco*, 132 F.3d 97, 101 n. 5 (1997).

■ Thus, it is unclear how the First Circuit views the *Rutan* dicta as affecting its "unreasonably inferior" standard. It appears, however, that a plaintiff can maintain a cause of action for seemingly trivial retaliatory actions that cause a work situation to be "unreasonably inferior" to the normal working conditions of the position.

■ In order for an employee to prevail on a claim for political harassment, the record must contain evidence which would allow the fact finder to conclude, by clear and convincing evidence, that the employee's new position is 'unreasonably inferior

to the norm.' *Rodriguez–Pinto v. Tirado–Delgado*, 982 F.2d 34, 39 (1st Cir.1993), citing *Agosto–de–Feliciano*, 889 F.2d at 1220. If the employee's work condition is deemed to have been in fact "unreasonably inferior", then the employee must still persuade a fact finder by a preponderance of the evidence that his political affiliation was a motivating factor in his employer's decision to place him in the "unreasonably inferior work condition". *See Agosto–de–Feliciano*, 889 F.2d at 1220.

■ In certain situations, a fact-finder would be entitled to find an employee's job situation to be "unreasonably inferior," including when: (1) the employee has been stripped of responsibilities and the responsibilities have been reassigned to a subordinate; (2) the employee has been stripped of supervisory status and right to work independently on significant projects; (3) the employee has endured a sustained and significant general worsening of employment conditions. *Rodriguez–Pinto*, 982 F.2d at 39. The Court **FINDS** that Plaintiffs who have alleged political harassment in this action have produced evidence from which a jury may infer that they were politically discriminated against.

First and foremost, this is a case about alleged political discrimination. The Court **FINDS** that Plaintiffs have produced evidence from which a jury may infer political discrimination. Therefore, the Court is of the opinion that the Plaintiffs have made out a prima facie case and therefore, dismissal cannot be granted at this stage.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment as a Matter of Law is hereby **DENIED**.

**IT IS SO ORDERED.**