In re Denise Amand GALLAGHER, Debtor.

Denise Amand Gallagher, Plaintiff,

v.

Educational Credit Management Corporation, and Sallie Mae Student Loan Marketing Association, Defendants.

Bankruptcy No. 96–10794—MWV.
Adversary No. 05–1002–MWV.

United States Bankruptcy Court, D. New Hampshire.

Sept. 20, 2005.

---

Denise Amand Gallagher, pro se Plaintiff.

Christopher J. Pyles, Esq., Wiggin & Nourie, P.A., for Defendant ECMC.

David L. Broderick, Esq., Office of the U.S. Attorney, for U.S. Department of Education.

### *MEMORANDUM OPINION*

MARK W. VAUGHN, Chief Judge.

The Court has before it the motion for summary judgment filed by Defendant Educational Credit Management Corporation ("ECMC") seeking a determination that the student loan owed to ECMC by Denise

Gallagher (the "Plaintiff") is excepted from discharge. In support of its motion, ECMC filed a memorandum of law, and the Plaintiff filed her objection to ECMC's motion for summary judgment on July 5, 2005. In addition, the Court has the Plaintiff's request to join American Student Association Corporation ("ASAC"), U.S. Department of Education ("DOE"), and Sallie Mae Student Loan Marketing Association ("Sallie Mae") as defendants to which ECMC and DOE objected. On August 24, 2005, a hearing was held on ECMC's motion and the Plaintiff's request to join defendants. At the conclusion of the hearing, the Court took these matters under advisement. For the reasons set out below, ECMC's motion for summary judgment is granted in part and denied in part, and ASAC, as well as DOE, are hereby dismissed as defendants to this adversary proceeding.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

The facts are not disputed. The Plaintiff is a forty-four year old female, and she received a Juris Doctor degree in 1987. At that time, the Plaintiff owed approximately $33,000 in student loans to two lenders, ASAC and Sallie Mae. Repayment of these loans began in November 1987, and the Plaintiff consolidated the two loans in 1992. Between 1987 and 1996, the

Plaintiff made payments on the student loan, totaling approximately $20,000. On April 1, 1996, the Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code with this Court. ASAC was listed as a creditor in the Plaintiff's schedules. Presently, the total balance on the loan is $56,819.73. The Plaintiff received a discharge in this no asset case on August 7, 1996, and the case was closed on September 6, 1996.

In response to the collection efforts of ASAC, the Plaintiff filed a motion to reopen her Chapter 7 case to file a complaint to determine the debt owed to ASAC on December 9, 2004. The Court held a hearing and granted the motion to reopen on January 4, 2005. On January 6, 2005, the Plaintiff's loan with ASAC was assigned to ECMC. Subsequently, the Plaintiff filed her complaint seeking a discharge of her student loan based on the "Seven Year Rule" of the former § 523(a)(8)(A) and/or undue hardship under § 523(a)(8).[1] On June 2, 2005, ECMC filed the instant motion, and the Plaintiff filed her objection thereto.

### DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the

---

1. Unless otherwise noted, all statutory section references herein are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, *et seq.*

nonmoving party." *Rodriguez–Pinto v. Tirado–Delgado,* 982 F.2d 34, 38 (1st Cir. 1993) (quoting *United States v. One Parcel of Real Property,* 960 F.2d 200, 204 (1st Cir.1992)). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir.1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulge all reasonable inferences in that party's favor." *Maldonado–Denis v. Castillo–Rodriquez,* 23 F.3d 576, 581 (1st Cir.1994).

## A. Seven–Year Rule; Consolidation Loans

■ Prior to October 7, 1998, § 523(a)(8)(A) provided for the dischargeability of an educational loan or benefit if the debtor's repayment obligation first became due more than seven years before the date of the filing of the petition. Originally, § 523(a)(8)(A) required that an educational loan or benefit be due and owing for a five-year period before that debt could be discharged. The five-year period was increased to seven years in 1990, and the seven year rule was repealed in 1998. The former § 523(a)(8)(A) in effect when the Plaintiff filed her Chapter 7 petition stated:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment of loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition.

ECMC argues that the debt consolidation in 1992 restarted the seven-year start date for purposes of § 523(a)(8)(A). ECMC also contends that the majority of courts have concluded that loans consolidated less than seven years before filing bankruptcy are not dischargeable. On the other hand, the Plaintiff urges the Court to hold that the seven-year period begins on the original due date of the loan. She argues that the legislative history of § 523(a)(8) indicates that Congress favored the discharge of the student loans.

The Court agrees with the majority of the courts that the date that the consolidation loan first becomes due is the date which triggers the running of the seven-year period under § 523(a)(8)(A). *See Harrison v. Tex. Guaranteed Student Loan Corp. (In re Harrison),* 272 B.R. 857, 862–63 (Bankr.D.N.J.2001) (listing the cases finding that the date of the consolidation loan starts the running of the seven year period). By the consolidation of debts, the old debt is extinguished and a new loan with new terms exists. "The old creditors are no longer involved .... There is only a new loan, the consolidation loan." *See In re McKinney,* 1992 WL 265992, *2–3 (N.D.Ohio 1992).

Contrary to the assertion of the Plaintiff that Congress favors discharge, Congress' intent is to reduce defaults and to ensure a good faith effort toward repayment. This public policy favoring the repayment of student loans is demonstrated by the extension of the period under § 523(a)(8) from five to seven years and then the eventual deletion of the seven year safe harbor rule. *Id.*

In this case, the 1992 consolidation of the loan triggered the commencement of the seven-year period after which the loan would be eligible for discharge. Since the Plaintiff's petition was filed in 1996, the 1992 student loan consolidation should be determined as nondischargeable under § 523(a)(8)(A). Accordingly, ECMC's summary judgment is granted to the extent that the Plaintiff seeks discharge of her debt under the seven-year rule of § 523(a)(8)(A).

**B. Undue Hardship: § 523(a)(8)**

■ Current section 523(a)(8) provides that an educational loan shall not be discharged, "unless excepting such debt from discharge ... will impose an undue hardship on the debtor and the debtor's dependents ..." 11 U.S.C. § 523(a)(8). The Code does not specifically define "undue hardship." However, in *Garrett v. New Hampshire Higher Educ. Assistance Found. (In re Garrett)*, 180 B.R. 358 (Bankr.D.N.H.1995), this Court adopted the test set forth by the Court of Appeals for the Second Circuit in *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2nd Cir.1987) (per curiam) in determining what constitutes undue hardship. The *Brunner* test requires the Debtor to make a three-part showing:

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans;

(2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

(3) that the debtor has made good faith efforts to repay the loans.

*In re Garrett*, 180 B.R. at 362 (citations omitted).

ECMC argues that the Plaintiff failed to show "undue hardship" under the *Brunner* test. However, the record before the Court is not sufficient to grant summary judgment in favor of ECMC. For instance, no documents indicating the Plaintiff's current income and expenses have been filed with the Court. The Plaintiff states that she works as a staff attorney for the State of New Hampshire, but no information was provided as to how much she earns from her job and how many dependants she has, if any. Considering all the pleadings and evidence in the light most favorable to the Plaintiff, there is a material question of fact regarding whether the Plaintiff can maintain a minimal standard of living if she repays the student loan and, if not, whether any such limitation is likely to continue. Likewise, there is a factual issue as to whether the Plaintiff's repayment of approximately $20,000 constitutes her good faith efforts to repay the student loan. The existence of such material factual disputes precludes summary judgment on this issue. Therefore, the issue of whether repaying the student loan would be an undue hardship on the Plaintiff must proceed to trial.

**C. Plaintiff's Request to Join Defendants**

■ In her second amended complaint, the Plaintiff requested to join ASAC, and DOE, as well as Sallie Mae, as defendants to this proceeding. Since the student loan was assigned from ASAC to ECMC, ASAC is not a proper party to the instant case. With respect to the Plaintiff's request to join DOE as a defendant, DOE objects to the request arguing that ECMC is fully empowered to represent DOE's interest in the loan. DOE also acknowledges that it will be bound by any determination of the Court in the event that the loan is later assigned to it. The

Court agrees with DOE that it is not a necessary party and, thus, dismisses DOE as a party defendant. Sallie Mae has not filed its answer to the Plaintiff's second amended complaint, so the Court adds Sallie Mae as a defendant for the time being.

### Conclusion

For the reasons outlined above, ECMC's motion for summary judgment is granted to the extent that the Plaintiff seeks a discharge of her student loan under the seven-year rule of former § 523(a)(8)(A). ECMC's motion is denied to the extent that the Plaintiff seeks a discharge of her debt as an undue hardship pursuant to § 523(a)(8). With respect to the Plaintiff's request to join defendants, ASAC and DOE are hereby dismissed as party defendants of this adversary proceeding.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.